**STATE of Indiana, Appellant–Plaintiff Below,**

v.

**Sebastian WIGGINS, Appellee–Defendant Below.**

**No. 34A02–9505–CR–248.**

Court of Appeals of Indiana.

Feb. 22, 1996.

Pamela Carter, Attorney General, Janet L. Parsanko, Deputy Attorney General, Indianapolis, for Appellant.

Caroline B. Briggs, Flora, for Appellee.

## OPINION

ROBERTSON, Judge.

The State of Indiana appeals the trial court's dismissal of a charge of Conspiracy to Commit Dealing in Cocaine against Sebastian Wiggins. The dispositive issue which requires that we affirm may be restated as:

whether the trial court had the authority under Ind.Code 35–34–1–10(c) (or the duty under Ind.Code 35–41–4–4) to dismiss an information for an offense which could (or should) have been joined for trial with other offenses for which Wiggins had been tried and acquitted even where Wiggins' double jeopardy rights have not been implicated.

## FACTS

The dispositive facts are undisputed. On November 24, 1993, the State charged Wiggins with two counts of dealing cocaine. One transaction was alleged to have taken place on July 13, 1993, and the other on August 30, 1993. On the first day of Wiggins' trial for these offenses, the State filed the instant conspiracy charge against Wiggins which alleged that, in addition to the July 13, 1993, and the August 30, 1993, transactions, Wiggins had engaged in at least one other cocaine transaction, on November 23, 1993, in furtherance of the conspiracy to deal cocaine. The trial on the first two cocaine dealing charges resulted in Wiggins' acquittal.

After having been acquitted of the first two charges, Wiggins filed the present motion to dismiss the pending conspiracy charge. The trial court granted the motion and this appeal ensued.

Additional facts are supplied as necessary.

## DECISION

At the outset we note our agreement with the State that Wiggins' prosecution on the conspiracy charge is not barred by principles of double jeopardy. The drug transactions for which Wiggins was acquitted were not identical with the overt acts charged in furtherance of the conspiracy. *See Derado v. State,* Ind., 622 N.E.2d 181, 184 (1993); *Seay v. State,* Ind., 550 N.E.2d 1284, 1287–1288 (1990). It does not necessarily follow, however, that Wiggins' prosecution is not barred by operation of Ind.Code 35–41–4–4(a) which reads:

A prosecution is barred if all of the following exist:

(1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

(2) The former prosecution resulted in an acquittal or a conviction of the defendant . . .

(3) The instant prosecution is for an offense with which the defendant *should* have been charged in the former prosecution.

(Emphasis added).

■ In the present case, there can be no doubt that, if given the opportunity, the trial court could have joined the conspiracy charge with the two cocaine dealing charges under Ind.Code 35–34–1–10(a) or (b); *Seay v. State,* Ind., 550 N.E.2d 1284 (1990). Where the trial court orders permissive joinder under I.C. 35–34–1–10(a) and the State then elects to dismiss one of the offenses ordered joined, I.C. 35–41–4–4 operates to bar a subsequent attempt to reprosecute that offense. *State v. Burke,* Ind.App., 443 N.E.2d 859, 862 (1983).

Additionally, and perhaps more importantly, I.C. 35–34–1–10(b) provides:

When a defendant has been charged with two (2) or more offenses in two (2) or more indictments or informations and the offenses could have been joined in the same indictment or information under section (9)(a)(2) of this chapter [which authorizes joinder when the offenses are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan], the court, upon motion of the defendant or the prosecuting attorney, or on its own motion, *shall join* for trial all of such indictments or informations . . .

(Emphasis added). Thus, our legislature has provided that, where two or more charges are based on the same conduct or on a series of acts constituting parts of a single scheme or plan, they *should* be joined for trial.

In the present case, the trial court denied Wiggins' motion for severance of the two cocaine dealing charges finding that the acts underlying the two counts "show a relationship to a single transaction or plan to distribute drugs." As the conspiracy charge encompassed the two cocaine dealing charges, it would appear that the trial court, if afforded the opportunity, *would have been required* to join the conspiracy charge for trial with the two cocaine dealing charges under I.C. 35–41–1–10(b). In this sense, the conspiracy charge *should* have been joined with the earlier prosecution. And, therefore, the prosecution of the conspiracy charge is barred under I.C. 35–41–4–4 because it *should* have been joined in the former prosecution which had ended in an acquittal.

■ Regardless of whether the prosecution for the conspiracy charge was barred under I.C. 35–41–4–4, we interpret I.C. 35–34–1–10(c), to authorize the trial court to dismiss a charge which "could" have been joined in an earlier prosecution—even where principles of double jeopardy have not been implicated nor I.C. 35–41–1–10(b) triggered. Indiana Code 35–34–1–10(c) reads:

A defendant who has been tried for one (1) offense may thereafter move to dismiss an indictment or information for an offense which *could* have been joined for trial with the prior offenses under section 9 of this chapter. The motion to dismiss shall be made prior to the second trial, and shall be granted if the prosecution is barred by reason of the former prosecution.

(Emphasis added). In *Seay v. State,* Ind., 550 N.E.2d 1284, 1288 (1990), our supreme court upheld the trial court's *denial* of the defendant's motion to dismiss based on I.C. 35–34–1–10(c) holding that the statute *does not automatically bar successive prosecutions* in situations where separate offenses could have been permissibly joined within the trial court's discretion and the defendant's double jeopardy rights would not be violated by a successive prosecution. *Id.* at 1287–1288. Similarly, our supreme court has held that while the predecessor to I.C. 35–34–1–10(c) requires the trial court to dismiss if the prosecution is barred by reason of the former prosecution, the failure to join related offenses is not ipso facto grounds for dismissal. *Webb v. State,* Ind., 453 N.E.2d 180, 184–185 (1983).

The procedural postures of the cases cited above are distinguishable from the present case in that the trial court *granted* Wiggins' motion to dismiss. Neither of the cases cited

above, nor any others that we are aware of, stand for the proposition that the trial court's authority under I.C. 35–3.1–1–10(c) to dismiss a prosecution which could have been joined in an earlier prosecution applies only to those circumstances where the prosecution is barred under I.C. 35–41–4–4.[1] We would note that I.C. 35–34–1–10(c) would be superfluous if interpreted to provide authority to the trial court to dismiss only those prosecutions already subject to dismissal under principles of double jeopardy or I.C. 35–41–4–4.

We interpret the statutory scheme outlined above as providing a check upon the otherwise unlimited power of the State to pursue successive prosecutions. *See Seay* 550 N.E.2d at 1289 (State cannot pyramid successive habitual offender enhancements by manipulating the timing of the filing of charges which could have been joined and tried together). Therefore, we hold that in the present case, even if the trial court was not required to dismiss the conspiracy charge under I.C. 35–41–4–4 because it *should* have been joined in the earlier prosecution, the trial court nevertheless had the discretionary authority under I.C. 35–34–1–10(c) to dismiss the conspiracy charge which *could* have been joined in the former prosecution. Therefore, we find no error.

Under the present circumstances, the "upon motion" requirement of I.C. 35–34–1–10(b) has been made to be immaterial due to the procedural posture of the case. By the State's delay of the filing of the conspiracy charge until after the dealing charges had gone to trial, neither the defendant nor the trial court had an opportunity to move for joinder. The State should not be permitted to divest the trial court of its obligation/authority to join charges which, in its judgment, either should have been joined for trial under I.C. 35–34–1–10(b) or merely could have been joined for trial under I.C. 35–34–1–10(a) by manipulating the timing of the filing of charges.

As noted above, under the statutory scheme as interpreted herein, the trial court has the authority to protect a defendant from the burden of additional prosecutions which the trial court finds, in its judgment, should have or could have been disposed of in an earlier prosecution. Such authority in the trial court is essential for justice and also serves the interest of judicial economy.

Judgment affirmed.

BAKER and RILEY, JJ., concur.

---

1. Although *State v. Burke,* Ind.App., 443 N.E.2d 859 (1983), would appear to be factually and procedurally similar to the case in bar, the precise holding in *Burke* was that the trial court erred in dismissing the charges because the subsequent prosecution had not been barred by double jeopardy or I.C. 35–41–4–4. The *Burke* court did not determine the precise question analyzed today: whether I.C. 35–34–1–10(c) provides the trial court with discretionary authority to dismiss charges which could have been joined in an earlier prosecution.