**Virgil Lee HAYWOOD, Jr.,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A02–0612–CR–1131.**

Court of Appeals of Indiana.

Nov. 7, 2007.

Landoll Sorrell, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Scott L. Barnhart, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Virgil Lee Haywood, Jr., brings this interlocutory appeal, claiming that the trial court erred in denying his motion to dismiss. Specifically, Haywood argues that the dismissal of criminal charges was warranted because he was improperly subjected to successive prosecutions that are prohibited under Indiana Code section 35–41–4–4 (Successive Prosecution Statute). Concluding that prosecuting Haywood on subsequent charges after he had already pleaded guilty to other charges is barred under the Successive Prosecution Statute, we reverse the trial court's judgment denying Haywood's motion to dismiss.

### FACTS

On May 16, 2005, Deputy LeeAnn Ellingwood of the Madison County Police Department was dispatched to an intersection in Anderson to investigate an alleged drunk driving incident. Deputy Ellingwood approached Haywood, who was sitting inside a vehicle with a small child, who was later identified as his son. While speaking with Haywood, Deputy Ellingwood noticed a strong odor of alcohol on Haywood's breath. Haywood was unsteady on his feet and had difficulty performing a number of field sobriety tests. Haywood also had slurred speech and appeared to have urinated in his pants.

Officer Josh Senseney arrived at the scene and directed Haywood to sit in the police cruiser. Haywood refused, stating that he wanted to kiss his son, who was asleep in the vehicle. Haywood then struggled with Officer Senseney and kicked him in the leg. In response, Officer Senseney struck Haywood in the solar plexus and knocked the wind out of him. Thereafter, Haywood complied and moved to the police vehicle.

Haywood was subsequently transported to jail, and a probable cause affidavit was executed on May 16, 2005, by Deputy Ellingwood. On May 18, 2005, Haywood was charged with neglect of a dependent as a class D felony, operating a vehicle while intoxicated, a class A misdemeanor, operating a vehicle with a BAC of .08 or more, a class C misdemeanor, and operating a

vehicle while intoxicated as a class D felony, in the Madison County Court under cause number 48E02–0505–FD–238 (FD–238).

On May 17, 2005, Officer Senseney completed a second probable cause affidavit. As a result, on May 24, 2005, Haywood was charged in the City Court under cause number 48H02–0505–CM–2717 (CM–2717) with battery against a police officer, resisting law enforcement, and a violation of probation.

Thereafter, on January 10, 2006, Haywood appeared pro se on the CM–2717 charges and pleaded guilty pursuant to a plea agreement. Haywood was sentenced to "365 days of incarceration, suspended condition 365 days probation" for battery against a police officer. Appellant's App. p. 20. Haywood also received 365 days on the resisting law enforcement charge, to be served concurrently with the battery conviction. Haywood denied the probation violation and was scheduled to appear for a hearing on September 22, 2006.[1]

On August 23, 2006, Haywood filed a motion to dismiss the charges under cause number FD–238, claiming that further prosecution on those charges was barred by the previous prosecution of the CM–2717 charges. The State objected, claiming that Haywood was not entitled to have the benefit of the negotiated settlement in one court and an automatic right of dismissal in another court.

Following a hearing on the motion to dismiss on October 17, 2006, the trial court denied Haywood's motion. Thereafter, the trial court granted Haywood's motion for an interlocutory appeal, and we accepted jurisdiction over the appeal on January 30, 2007.

## DISCUSSION AND DECISION

■ In addressing Haywood's contention that the trial court should have granted his motion to dismiss, we review a trial court's denial of a motion to dismiss for an abuse of discretion. *State v. Isaacs*, 794 N.E.2d 1120, 1122 (Ind.Ct.App.2003). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Howard v. State*, 818 N.E.2d 469, 474 (Ind. Ct.App.2004).

In essence, we must determine whether Haywood's offenses were part of a "single scheme or plan" such that they should have been joined in the initial prosecution. *Williams v. State*, 762 N.E.2d 1216, 1219 (Ind.2002). The Successive Prosecution Statute sets forth the circumstances under which a prosecution is barred by reason of a previous prosecution for a different offense:

(a) A prosecution is barred if all of the following exist:

(1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

(2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

(3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

(b) A prosecution is not barred under this section if the offense on which it is based was not consummated when the trial under the former prosecution began.

I.C. § 35–41–4–4.

In construing this statute, we note that the language "should have been charged,"

1. The result of that hearing does not appear to be included within the record.

set forth in subsection (a)(3), must be read in conjunction with the statutes governing joinder of offenses and dismissal of offenses joinable for trial. *Williams*, 762 N.E.2d 1216, 1219 (Ind.2002). The joinder statute provides in relevant part:

A defendant who has been tried for one (1) offense may thereafter move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section 9 of this chapter.[²] The motion to dismiss shall be made prior to the second trial, and shall be granted if the prosecution is barred by reason of the former prosecution.

Ind.Code § 35–34–1–10(c).

■ In this case, the State concedes that "all the charges in both cases relate temporally to the same incident," but it argues that "Haywood's motive for each conviction or allegation and the acts were sufficiently distinct to warrant two separate cases and did not constitute parts of a single scheme or plan." Appellee's Br. p. 4. Notwithstanding the State's contention, we find the circumstances in *Williams* instructive here.

In *Williams*, the defendant sold cocaine to an undercover police officer in the parking lot of an apartment complex. When police cars approached to apprehend him, the defendant fled and hid in an empty apartment. After Williams was arrested, police officers discovered cocaine in his possession. The State charged Williams with residential entry and possession of cocaine for those crimes committed after fleeing from the police, and he pleaded guilty to the possession offense. 762 N.E.2d at 1218. The State charged Williams separately with dealing in cocaine and possession of cocaine for the offenses that he committed before leaving the scene of the narcotics deal. Williams moved to dismiss the later charges, arguing that they were barred under the Successive Prosecution Statute. Although the trial court denied the motion to dismiss, our Supreme Court reversed, finding that the charges were "based on a series of acts so connected that they constituted parts of a single scheme or plan." *Id.* at 1220.

Turning to the circumstances here, we note that a person commits the offense of resisting law enforcement when he or she "knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties." Ind.Code § 35–44–3–3(a). Haywood pleaded guilty to this offense and thereby admitted to acting with the requisite intent to resist, obstruct, or interfere with the officer who was lawfully engaged in arresting him. Hence, whatever concern Haywood may have had for the well-being of his child at the moment that he chose to kick and struggle with Officer Senseney, it nonetheless remains that his behavior was motivated by a desire to thwart the police officers' efforts and evade arrest. Moreover, Haywood's arrest stemmed directly from his decision to operate his vehicle while intoxicated.

Like the circumstances in *Williams*, the scenario here involved a situation where a defendant committed a crime and then committed another in an attempt to avoid apprehension for the initial offenses. As in *Williams*, the crimes that Haywood

---

**2.** Indiana Code section 35–34–1–9 provides in relevant part:

(a) Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count,

when the offenses . . . (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

committed occurred within a short period of time and in a limited locale. Moreover, the *Williams* court rejected the argument that the defendant's flight from the arresting officers broke the continuity of the defendant's acts such that a separate trial was warranted. *Id.* at 1220. Instead, it was determined that the entire transaction fell within a single scheme or plan. As in *Williams*, it is apparent that Haywood's offenses were part of a single scheme or plan, and the Successive Prosecution Statute bars further prosecution on the FD–238 charges. Therefore, we are compelled to reverse the denial of Haywood's motion to dismiss.

The judgment of the trial court is reversed.

BAILEY, J., and VAIDIK, J., concur.