STATE of Indiana, Appellant–Plaintiff,

v.

Jonathon McDONALD, Appellee–Defendant.

No. 32A05–1102–CR–56.

Court of Appeals of Indiana.

Sept. 20, 2011.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Paula M. Sauer, Danville, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

The State appeals the trial court's dismissal of charges against Jonathon McDonald. We reverse and remand.

### Issue

The State raises one issue, which we restate as whether the trial court erred by dismissing charges against McDonald based on the successive prosecution statute.

### Facts

In the summer of 2008, McDonald's three children, seven-year-old A.M., five-year-old J.M., and three-year-old K.M., were removed from McDonald and his wife's care by the Department of Child Services ("DCS") due to unsanitary conditions in the home. The foster mother reported that the children were acting out sexually and that A.M. claimed McDonald had molested her. The children were interviewed separately. During the interviews, A.M. claimed that McDonald had molested her, J.M. was unable to communicate due to severe speech delays and impaired hearing, and K.M made no allegations of molestation. As a result of the interviews, DCS substantiated sexual abuse allegations against McDonald related to A.M. but not the other children. Although investigators and therapists believed that J.M. had probably been molested, they had no evidence of the molestation or the perpetrator of the molestation.

In December 2008, the State charged McDonald with two counts of Class A felony child molesting and one count of Class C felony child molesting related to his alleged actions against A.M. and three counts of Class D felony neglect of a dependent related to the living conditions for A.M., J.M., and K.M. The State later added a count of Class D felony performing

sexual conduct in the presence of a minor for having sexual intercourse in the presence of A.M. In March 2009, McDonald pled guilty to Class D felony performing sexual conduct in the presence of a minor, and he was sentenced to three years in the Department of Correction. The State dismissed the remaining charges.

J.M. started receiving speech therapy in November 2008. By 2010, J.M.'s speech had improved significantly. In July 2010, J.M. was reinterviewed, and he was now able to speak clearly and in full sentences. Based on the second interview, DCS substantiated sexual abuse allegations against McDonald related to J.M. In September 2010, the State charged McDonald with three counts of Class A felony child molesting and two counts of Class B felony vicarious sexual gratification related to his alleged actions against J.M.

In December 2010, McDonald filed a motion to dismiss the charges against him. McDonald alleged that the charges "stem from the same or similar factual basis and the same time frame" as the earlier charges and the charges should be dismissed pursuant to Indiana's successive prosecution statute, Indiana Code Section 35–41–4–4. Appellant's App. p. 26. The trial court granted McDonald's motion to dismiss because the facts of the September 2010 charges were "well known to the complaining witnesses, the prosecutor and people included in the case that was pled out" in March 2009. *Id.* at 54. The State now appeals.

### Analysis

■ The State appeals pursuant to Indiana Code Section 35–38–4–2(1), which provides that the State may seek review of "an order granting a motion to dismiss an indictment or information." We review a trial court's grant of a motion to dismiss a criminal charge for an abuse of discretion. *State v. Lindsay,* 862 N.E.2d 314, 317 (Ind. Ct.App.2007), *trans. denied.* We will re-verse a trial court's decision for an abuse of discretion where the court's decision is clearly against the logic and effect of the facts and circumstances. *Id.*

Indiana's successive prosecution statute, Indiana Code Section 35–41–4–4, provides:

(a) A prosecution is barred if all of the following exist:

(1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

(2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

(3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

(b) A prosecution is not barred under this section if the offense on which it is based was not consummated when the trial under the former prosecution began.

The circumstances here satisfy the provisions of subsections (a)(1) and (a)(2). The issue here is whether McDonald "should have been charged" with the molestation of J.M. at the time of the prior prosecution. Ind.Code § 35–41–4–4(a)(3).

■ Our supreme court has held that the words "should have been charged" must be read in conjunction with Indiana's joinder statute. *Williams v. State,* 762 N.E.2d 1216, 1219 (Ind.2002). Indiana's joinder statute provides in relevant part:

Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

(1) are of the same or similar character, even if not part of a single scheme or plan; or

(2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

I.C. § 35–34–1–9(a). Further, Indiana Code Section 35–34–1–10 provides in relevant part:

A defendant who has been tried for one (1) offense may thereafter move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section 9 of this chapter. The motion to dismiss shall be made prior to the second trial, and shall be granted if the prosecution is barred by reason of the former prosecution.

I.C. § 35–34–1–10(c).[1] In general, " 'where two or more charges are based on the same conduct or on a series of acts constituting parts of a single scheme or plan, they should be joined for trial.' " *Williams,* 762 N.E.2d at 1220 (quoting *State v. Wiggins,* 661 N.E.2d 878, 880 (Ind. Ct.App.1996)).

■ The State argues that the charges related to J.M. could not have been brought in the prior prosecution because it did not have evidence to charge him at that time. McDonald argues that the alleged offenses were part of a single scheme or plan because the alleged offenses occurred during the same time period and location and both involved sex offenses against his children. McDonald also argues that the State had sufficient evidence to charge him with the offenses against J.M. at the time he was charged with the molestation of A.M.

■ We need not determine whether the alleged offenses were part of a single scheme or plan because, regardless, we cannot say that McDonald "should have been charged" with the offenses against J.M. at the same time as he was charged with the sexual offenses against A.M. and neglect against the three children. I.C. § 35–41–4–4(a)(3). Probable cause was necessary to charge McDonald with the offenses related to J.M. I.C. § 35–33–2–1. In fact, Indiana's Rules of Professional Conduct provide: "The prosecutor in a criminal case shall: (a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause...." Ind. Professional Conduct Rule 3.8. Probable cause exists if there is "knowledge of facts and circumstances that would warrant a person of reasonable caution to believe that the suspect had committed a criminal act." *Henderson v. State,* 769 N.E.2d 172, 176 (Ind.2002).

At the time the State charged McDonald with molesting A.M., J.M. was unable to communicate during the interview due to

---

**1.** McDonald also relies on Indiana Code Section 35–34–1–10(d), which provides:

A defendant who has been sentenced on a plea of guilty to one (1) offense may move to dismiss an indictment or information for a related offense. The motion shall be granted if the plea of guilty was entered on the basis of a plea agreement in which the prosecutor agreed to seek or not to oppose dismissal of other related offenses or not to prosecute other potential related offenses.

McDonald contends that he thought the plea agreement would "put to rest" all of the "molest allegations relating to his three children." Appellee's Br. p. 7. However, the plea agreement provided that the State would dismiss the "remaining counts." Appellant's App. p. 39. At the guilty plea hearing, McDonald's attorney stated, "The other counts are to be dismissed pursuant to the Plea Agreement under this cause," and the deputy prosecutor moved to dismiss them. Ex. at 17–18. There is no evidence, other than McDonald's self-serving testimony, that the plea agreement was meant to dismiss all future possible charges related to McDonald's actions against his children; rather, the plea agreement unambiguously provided for dismissal of only the "remaining counts," which related solely to the sexual abuse of A.M. and the poor conditions of the home. Appellant's App. p. 39.

severe speech delays and impaired hearing. During a videotaped interview with J.M., the questioner was unable to adequately communicate with him, and J.M. made no allegations against McDonald. The only indication that J.M. had been molested was his sexualized behaviors. At that time, though, J.M. made no accusations against McDonald or anyone else. McDonald also relies on the fact that, during therapy in December 2008, J.M. grabbed his crotch and said, "daddy did it, he hurt me." Tr. p. 45. This statement is subject to various interpretations and does not definitively indicate that McDonald had molested J.M. During the proceedings regarding the molestation of A.M., the State simply did not have probable cause that McDonald had molested J.M.

In March 2009, McDonald pled guilty to Class D felony performing sexual conduct in the presence of a minor. It was not until 2010 that J.M.'s speech improved significantly. In July 2010, J.M. was reinterviewed, and he was now able to speak clearly and in full sentences and made accusations that McDonald had molested him. Thus, the State did not have probable cause that McDonald molested J.M. until July 2010.

McDonald relies on *Williams* and *Wiggins* for the proposition that the trial court properly dismissed the charges. However, in both *Williams* and *Wiggins*, the State was aware of the basis of the second charges and had evidence to support the second charges at the time it filed the first charges. *See Williams*, 762 N.E.2d at 1220 (holding that charges for dealing in and possession of cocaine should have been brought at the same time as prior charges for residential entry and possession of cocaine); *Wiggins*, 661 N.E.2d at 881 (holding that prosecution for conspiracy to deal cocaine was barred after the defendant's prosecution for dealing in cocaine). This is not a case of attempted piecemeal prosecution as in *Williams* and *Wiggins*. The State simply had inadequate evidence to support charging McDonald until July 2010.[2] We conclude that the trial court abused its discretion by granting McDonald's motion to dismiss the charges related to J.M.

### Conclusion

The trial court abused its discretion by dismissing the charges against McDonald related to his alleged molestation of J.M. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ROBB, C.J., and BRADFORD, J., concur.

**2.** It should not be inferred from our decision here that a prosecutor is required to file charges if probable cause exists. "Prosecutors are not under a duty to bring charges as soon as probable cause exists." *State v. Sagalovsky*, 836 N.E.2d 260, 265 (Ind.Ct.App. 2005), *trans. denied*. "In fact, they are vested with broad discretion in the performance of their duties, and such discretion includes the decision of whether and when to prosecute." *Id.*