Dustin T. ALLEN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 15A04–1101–CR–16.

Court of Appeals of Indiana.

Oct. 26, 2011.

Francis J. Cardis, Lawrenceburg, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ian McLean, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Defendant Dustin T. Allen brings this interlocutory appeal, claiming that the trial court abused its discretion in denying his motion to dismiss. Allen argues that the dismissal of criminal charges was warranted because he was improperly subjected to a successive prosecution which was prohibited under Indiana Code section 35–41–4–4 ("the Successive Prosecution Statute"). Concluding that prose-

cuting Allen on subsequent charges after he had already pled guilty to other charges is barred under the Successive Prosecution Statute, we reverse the trial court's judgment denying Allen's motion to dismiss.

## FACTS AND PROCEDURAL HISTORY

On September 11, 2009, West Harrison police officers were dispatched to an apartment in West Harrison to investigate a non-fatal double drug overdose. John Patterson and Susan Haenny were found unresponsive in the bedroom of the apartment and were subsequently transported to the hospital. Once inside the apartment, police officers observed multiple pieces of drug paraphernalia in plain view. Onlookers in the area told police officers that Allen's vehicle was at the apartment earlier in the evening.

Later that evening, Allen was interviewed by Lawrenceburg Police Detective Nicholas Beetz. Allen admitted that he had visited Patterson's and Haenny's apartment earlier that evening. Allen also expressed concern that either Patterson or Haenny would accuse him of drug involvement. Detective Beetz questioned Allen about track marks on his arm which were consistent with intravenous drug use. At first, Allen claimed that the track marks had been caused by a self-inflicted injury, but later altered his story, claiming that the track marks were caused by his treatment at a methadone clinic.

On September 18, 2009, the State charged that on September 11, 2009, Allen committed Class B misdemeanor visiting a common nuisance under cause number 15D02–0909–CM–407 (hereinafter "Cause No. CM–407") in Dearborn Superior Court II. On August 27, 2010, Allen and the State entered in to a plea agreement in Cause No. CM–407. Pursuant to the terms of the plea agreement, Allen pled guilty to Class B misdemeanor visiting a common nuisance, and the State agreed that Allen would be sentenced to 180 days, all of which would be suspended to probation. The Dearborn Superior Court accepted the plea agreement and sentenced Allen accordingly on August 27, 2010.

Meanwhile, during a deposition on an unrelated matter on April 26, 2010, Haenny indicated that Allen had sold Patterson the heroin on which she and Patterson had overdosed on September 11, 2009. As a result of Haenny's statements, on May 13, 2010, while Cause No. CM–407 was pending, the State charged that Allen, also on September 11, 2009, committed Class A felony dealing in heroin within 1000 feet of a public park under cause number 15C01–1005–FA–2 (hereinafter "Cause No. FA–2") in Dearborn Circuit Court.

Allen filed a motion to dismiss Cause No. FA–2 on August 31, 2010, after he pled guilty and had been sentenced in Cause No. CM–407. Following a hearing on the motion to dismiss on September 13, 2010, the trial court denied Allen's motion. Thereafter, the trial court granted Allen's motion for an interlocutory appeal, and we accepted jurisdiction over the appeal on March 4, 2011.

## DISCUSSION AND DECISION

Allen contends that the trial court erred in denying his motion to dismiss because prosecuting him for the subsequent charge alleged in Cause No. FA–2 after he had already pled guilty to the charge alleged in Cause No. CM–407 is barred under the Successive Prosecution Statute. In addressing Allen's contention that the trial court should have granted his motion to dismiss, we review a trial court's denial of a motion to dismiss for an abuse of discretion. *Haywood v. State*, 875 N.E.2d 770, 772 (Ind.Ct.App.2007). An abuse of discretion occurs where the decision is clearly

against the logic and effect of facts and circumstances or when the trial court has misinterpreted the law. *Id.*

The Successive Prosecution Statute provides, in relevant part, as follows:

(a) A prosecution is barred if all of the following exist:

(1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

(2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

(3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

Ind.Code § 35–41–4–4 (2009). It is undisputed that the circumstances here satisfy the provisions of subsections (a)(1) and (a)(2). Thus, the outcome of this case centers on whether the instant prosecution is for offenses with which Allen "should have been charged" in the previous prosecution. *See Williams v. State,* 762 N.E.2d 1216, 1219 (Ind.2002).

 The Indiana Supreme Court has held that the words "should have been charged" must be read in conjunction with Indiana's joinder statute. *Id.* Indiana's joinder statute provides in relevant part:

Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses: (1) are of the same or similar character, even if not part of a single scheme or plan; or

(2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Ind.Code § 35–34–1–9(a) (2009). Further, Indiana Code Section 35–34–1–10 (2009) provides in relevant part:

A defendant who has been tried for one (1) offense may thereafter move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section 9 of this chapter. The motion to dismiss shall be made prior to the second trial, and shall be granted if the prosecution is barred by reason of the former prosecution.

Ind.Code § 35–34–1–10(c). Thus, in general, "'where two or more charges are based on the same conduct or on a series of acts constituting parts of a single scheme or plan, they should be joined for trial.'" *Williams,* 762 N.E.2d at 1220 (quoting *State v. Wiggins,* 661 N.E.2d 878, 880 (Ind.Ct.App.1996)). In determining whether contemporaneous crimes are part of a single scheme or plan, we examine "'whether they are connected by a distinctive nature, have a common modus operandi, and a common motive.'" *Id.* (quoting *Henderson v. State,* 647 N.E.2d 7, 10 (Ind. Ct.App.1995)).

In applying the Successive Prosecution Statute to the instant matter, we look to the Indiana Supreme Court's application of the Successive Prosecution Statute in *Williams* for guidance.

In *Williams,* the defendant sold cocaine to an undercover police officer in the parking lot of an apartment complex. When police cars approached to apprehend him, the defendant fled and hid in an empty apartment. After Williams was arrested, police officers discovered cocaine in his possession. The State charged Williams with residential entry and possession of cocaine for those crimes committed after fleeing from the police, and he pleaded guilty to the possession offense. 762 N.E.2d at 1218.

The State charged Williams separately with dealing in cocaine and possession of cocaine for the offenses that he committed before leaving the scene of the narcotics deal. Williams moved to dismiss the later charges, arguing that they were barred under the Successive Prosecution Statute. Although the trial court denied the motion to dismiss, our Supreme Court reversed, finding that the charges were "based on a series of acts so connected that they constituted parts of a single scheme or plan." *Id.* at 1220.

*Haywood,* 875 N.E.2d at 773.

■ In light of the Indiana Supreme Court's holding in *Williams,* we similarly must conclude here that Allen's charges were based on a series of acts so connected that they constituted parts of a single plan. Upon review, the record demonstrates that Allen knew that Patterson and Haenny frequently used heroin when he visited their apartment on September 11, 2009. In a deposition for an unrelated matter, Haenny stated that prior to September 11, 2009, Allen routinely helped her purchase heroin by driving her to Cincinnati to buy heroin and that, in exchange, she would give him gas money and "some of the dope." Appellant's App. p. 89. Haenny also revealed that Allen knew that Patterson got paid on Fridays and that he often bought drugs after getting paid. The record further demonstrates that Allen took heroin with him to Patterson's and Haenny's apartment on Friday, September 11, 2009; that he offered to sell the heroin to Patterson; and that Patterson bought the heroin from Allen.

■ Based on these facts, we conclude that it is reasonable to assume that Allen went to Patterson's and Haenny's apartment on September 11, 2009, with the intention to sell heroin to Patterson and Haenny. Thus, we conclude that Allen's actions involving Patterson and Haenny on September 11, 2009, constituted parts of a single plan to sell heroin, and therefore should have been charged in a single prosecution. As such, we reverse the trial court's denial of Allen's motion to dismiss.[1]

The judgment of the trial court is reversed.

ROBB, C.J., and BARNES, J., concur.

---

1. Furthermore, to the extent that the State invites us to adopt a rule stating that a defendant waives a challenge under the Successive Prosecution Statute by failing to request joinder before pleading guilty in the first matter, we observe that Indiana Code section 35–34–1–10(c), provides that:

 A defendant who *has been tried* for one (1) offense may *thereafter* move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section 9 of this chapter. The motion to dismiss shall be made *prior to the second trial,* and shall be granted if the prosecution is barred by reason of the former prosecution.

 (Emphases added). As the State acknowledges, prior holdings of both this and the Indiana Supreme Court as well as the express language of Indiana Code section 35–34–1–10(c) contemplate that dismissal of a subsequent matter is still available after the resolution of the first matter so long as the defendant requests the dismissal before the beginning of the second trial. *See Williams,* 762 N.E.2d at 1219; *Haywood,* 875 N.E.2d at 773–74; *Wiggins,* 661 N.E.2d at 880–81. We see no reason to stray from the prior decisions of the Indiana Appellate Courts, or to circumvent the wisdom of the General Assembly regarding when a defendant must object to a successive prosecution under the Successive Prosecution Statute, and accordingly reject the State's invitation to do so.