**FOR PUBLICATION**

ATTORNEY FOR APPELLANT:

**J. BRAD VOELZ**
Warsaw, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

FILED
Sep 05 2012, 9:41 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CODY B. HONEYCUTT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 92A04-1203-CR-149 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WHITLEY SUPERIOR COURT
The Honorable Douglas M. Fahl, Judge
Cause No. 92D01-1012-CM-741

**September 5, 2012**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Cody B. Honeycutt was arrested and a few days later pled guilty, without counsel, to Class A misdemeanor possession of marijuana and a traffic infraction and was sentenced to one year with all but eight days suspended. When the results of Honeycutt's blood draw came back positive for marijuana a few days later, the State added two more charges under the same cause number: Class A misdemeanor operating while intoxicated and Class C misdemeanor operating a vehicle with a Schedule I or II controlled substance in his body. Honeycutt, now represented by counsel, filed a motion to dismiss these charges on grounds that they were barred by the Successive Prosecution Statute because all four charges were connected by a single scheme or plan and therefore should have been charged together. The trial court denied his motion, and Honeycutt was found guilty in a bench trial. Concluding that the trial court abused its discretion in denying Honeycutt's motion to dismiss, we reverse the trial court.

**Facts and Procedural History**

At 8:21 p.m. on December 21, 2010, Indiana State Police Sergeant Todd Reed was conducting a traffic stop with his emergency lights activated when Honeycutt "buzzed" by without slowing down or changing lanes. Tr. p. 39, 41. Sergeant Reed completed his stop and then pursued Honeycutt. When Sergeant Reed stopped Honeycutt, who was the only person in the car, Sergeant Reed "immediately detected a moderate odor of burnt marijuana coming from the inside of the vehicle." *Id.* at 39. A hollowed-out cigar was sitting in the ashtray. Sergeant Reed also observed that Honeycutt's pupils "did not close when the light was shining across his eyes." *Id.* at 40.

2

Honeycutt told Sergeant Reed that he had smoked marijuana earlier in the day. Sergeant Reed took Honeycutt to his police car where he began to write a ticket. When Sergeant Reed told Honeycutt that he smelled raw marijuana, Honeycutt said that he had marijuana in his pocket. Honeycutt took out a baggie of marijuana and handed it to Sergeant Reed. Sergeant Reed told Honeycutt to exit the vehicle, at which point he handcuffed him. Sergeant Reed searched Honeycutt's car but did not find any contraband.

Honeycutt agreed to a blood draw, so Sergeant Reed transported him to Parkview Whitley Hospital, where Honeycutt's blood was drawn and sent to a laboratory for testing. Sergeant Reed explained the purpose of the blood draw as follows:

> Because it is illegal to operate a vehicle with marijuana in your system and [Honeycutt] had admitted that he had smoked marijuana and that it was in his system. [I] suspected at the time of [the] arrest that he was operating while intoxicated and operating with a controlled substance in his body.

*Id.* at 44 (formatting altered). Sergeant Reed filled out an affidavit for probable cause on the form that is used for operating while intoxicated. *Id*. at 46-47; Def.'s Ex. B. He believed Honeycutt was intoxicated because there was a moderate odor of tar consistent with marijuana coming from inside the car, Honeycutt's eyes were glassy, and Honeycutt admitted smoking marijuana earlier in the day. Def.'s Ex. B. Sergeant Reed believed there was "probable cause" that Honeycutt operated a vehicle while intoxicated and that he operated a vehicle with a controlled substance in his body. Tr. p. 48.

Two days later, on December 23, 2010, the State charged Honeycutt with only Class A misdemeanor possession of marijuana and Class C infraction failure to yield to a stationary emergency vehicle. At Honeycutt's initial hearing on December 27, Honeycutt said that he did not want an attorney and that he wanted to plead guilty to both charges.

The State explained that the results of Honeycutt's blood draw were not back yet and there might be additional charges. *Id.* at 8. The trial court asked Honeycutt if he understood, and he said yes. *Id.* The court asked Honeycutt if he wanted to wait on the results, but he said no. *Id.* The court then said do you "just want to go ahead and get this part of it done now? There may not be any more charges, but th[e]n again there might be." *Id.* at 8-9. Honeycutt agreed and pled guilty to both charges. During the plea process, the court again told Honeycutt, "There may or may not be any more charges. If there are you will deal with it at the time." *Id.* at 13. Honeycutt told the trial court "as far as the OWI, um, I admit that marijuana would be on my . . .," but the trial court cut him off before he could say anything else. *Id.* The trial court sentenced Honeycutt to one year and suspended all but eight days. The court also suspended Honeycutt's license for 180 days. Honeycutt began serving his jail time that day.

Not surprisingly, Honeycutt's results came back positive for marijuana on December 30, 2010. Appellant's App. p. 62. On January 6, 2011, which was ten days after Honeycutt pled guilty to the first two charges, the State filed two more charges under the same cause number: Class A misdemeanor operating while intoxicated (endangering a person), Ind. Code § 9-30-5-2(b), and Class C misdemeanor operating a vehicle with a Schedule I or II controlled substance in the person's body, Ind. Code § 9-30-5-1(c). *Id.* at 25. But at the initial hearing for these charges, Honeycutt pled not guilty and requested an attorney. Tr. p. 24.

Honeycutt later filed a motion to dismiss the new charges on grounds that they violated the Successive Prosecution Statute, Indiana Code section 35-41-4-4. The trial

4

court denied the motion. Appellant's App. p. 52. A bench trial was then held. Honeycutt renewed his motion to dismiss, but the trial court denied it. Honeycutt was convicted of both counts, and sentencing was stayed pending this appeal.

**Discussion and Decision**

Honeycutt contends that the trial court erred in denying his motion to dismiss the additional charges of operating a vehicle while intoxicated and operating a vehicle with a controlled substance in his body because they violated the Successive Prosecution Statute. He argues that because all four charges arose from the same traffic stop, they were connected by a single scheme or plan and should have been charged together.

We review a trial court's denial of a motion to dismiss for an abuse of discretion. *Haywood v. State*, 875 N.E.2d 770, 772 (Ind. Ct. App. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Id.*

The Successive Prosecution Statute provides in relevant part:

(a) A prosecution is barred if all of the following exist:

> (1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

> (2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

> (3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

Ind. Code § 35-41-4-4. The circumstances here satisfy subsections (a)(1) and (a)(2). The issue is whether Honeycutt "should have been charged" with the two operating counts in

5

the former prosecution. *See Williams v. State*, 762 N.E.2d 1216, 1219 (Ind. 2002); *Allen v. State*, 956 N.E.2d 195, 197 (Ind. Ct. App. 2011). The language "should have been charged" must be read in conjunction with Indiana's joinder statute. *Williams*, 762 N.E.2d at 1219; *Allen*, 956 N.E.2d at 197. Indiana's joinder statute provides in relevant part:

> Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:
>
>> (1) are of the same or similar character, even if not part of a single scheme or plan; or
>>
>> (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Ind. Code § 35-34-1-9(a). In addition, Indiana Code section 35-34-1-10(c) provides in relevant part:

> A defendant who has been tried for one (1) offense may thereafter move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section 9 of this chapter. The motion to dismiss shall be made prior to the second trial, and shall be granted if the prosecution is barred by reason of the former prosecution.

Thus, where two or more charges are based on the same conduct or on a series of acts constituting parts of a single scheme or plan, "they *should* be joined for trial." *Williams*, 762 N.E.2d at 1219 (quotation omitted). This statutory scheme provides a check upon the otherwise unlimited power of the State to pursue successive prosecutions. *Id.* "Where the State chooses to bring multiple prosecutions for a series of acts constituting parts of a single criminal transaction, it does so at its own peril." *Id.* To determine whether contemporaneous crimes are part of a single scheme or plan, we examine

6

"whether they are connected by a distinctive nature, have a common modus operandi, and a common motive." *Id.* at 1220 (quotation omitted).

Here, the State concedes that all four charges are connected by a scheme or plan and therefore this case falls under the *Williams* rule. *See* Appellee's Br. p. 7. But the State argues that this is irrelevant because the State did not have probable cause to bring the operating charges against Honeycutt at the same time it charged him with possession of marijuana and the traffic infraction. *See State v. McDonald*, 954 N.E.2d 1031, 1034 (Ind. Ct. App. 2011) ("We need not determine whether the alleged offenses were part of a single scheme or plan because, regardless, we cannot say that McDonald 'should have been charged' with the offenses against J.M. at the same time as he was charged with the sexual offenses against A.M. and neglect against the three children . . . [because] [p]robable cause was necessary to charge McDonald with the offenses related to J.M."). We do not agree. We find that there was probable cause to charge Honeycutt with the operating offenses at the same time he was charged with possession of marijuana and the traffic infraction.

The record shows that Sergeant Reed pulled over Honeycutt for failing to yield to a stationary emergency vehicle. When Sergeant Reed approached Honeycutt, the lone occupant of the car, he "immediately detected a moderate odor of burnt marijuana coming from the inside of the vehicle." Tr. p. 39. A hollowed-out cigar was sitting in the ashtray. In addition, Honeycutt's eyes were glassy, and his pupils did not react when a flashlight was shined in his eyes. Honeycutt admitted smoking marijuana earlier that day, and he had marijuana in his pocket. As a result of these facts, Sergeant Reed took

7

Honeycutt to the hospital for a blood draw and filled out the probable-cause affidavit form that is used for OWIs. Sergeant Reed later testified at Honeycutt's bench trial that he believed he had probable cause that Honeycutt operated a vehicle while intoxicated and operated a vehicle with a controlled substance in his body. *Id.* at 48. Notably, it is a crime to operate a vehicle with marijuana in your body, even if you are not "intoxicated." I.C. § 9-30-5-1(c). Unlike *McDonald*, upon which the State relies on appeal, here the State was aware of the basis of the operating charges and had evidence to support these charges when it filed the Class A misdemeanor possession of marijuana and traffic infraction on December 23, 2010, which was two days after Honeycutt's arrest.[1]

Although the lab results were no doubt an important piece of evidence for the State, the State also had Honeycutt's admission that he smoked marijuana earlier that day, marijuana from Honeycutt's pocket, and Sergeant Reed's observations of Honeycutt. If the State believed that the lab results were the key piece of evidence it needed to file the operating charges, then it should have completed its investigation, dismissed the initially-filed Class A misdemeanor possession of marijuana and traffic infraction, and filed all four charges at the same time. *See McDonald*, 954 N.E.2d at 1035 n.2 ("Prosecutors are not under a duty to bring charges as soon as probable cause exists. In fact, they are vested with broad discretion in the performance of their duties, and such

---

[1] In *McDonald*, when the State charged the defendant with child molesting and other counts related to one of his children, A.M., his other child, J.M., was unable to communicate due to severe speech delays and impaired hearing. Consequently, J.M. made no allegations against the defendant at that time. But when J.M.'s speech improved greatly over a year after the defendant pled guilty to a charge related to A.M., J.M. accused the defendant of child molesting. This Court held that the State did not have adequate evidence to charge the defendant with molesting J.M. until over a year after he pled guilty to the charge related to A.M. and therefore there was no violation of the Successive Prosecution Statute. *McDonald*, 954 N.E.2d at 1034-35. The facts of this case are readily distinguishable.

8

discretion includes the decision of whether and *when* to prosecute." (emphasis added) (citations omitted)). Because the four charges were supported by probable cause and based on a series of acts so connected that they constituted parts of a single scheme or plan, they should have been charged in a single prosecution.

Nevertheless, the State argues that Honeycutt waived this issue because both the trial court and the prosecutor warned Honeycutt before he pled guilty to Class A misdemeanor possession of marijuana and the traffic infraction that the results of his blood draw were pending and additional charges might be coming. The trial court asked Honeycutt, do you "just want to go ahead and get this part of it done now? There may not be any more charges, but th[e]n again there might be." Tr. p. 8-9. The unrepresented Honeycutt then pled guilty to Class A misdemeanor possession of marijuana and the traffic infraction.

Indiana Code section 35-34-1-10(c) provides:

> A defendant who *has been tried* for one (1) offense may *thereafter* move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section 9 of this chapter. The motion to dismiss shall be made *prior to the second trial*, and shall be granted if the prosecution is barred by reason of the former prosecution.

(Emphases added). As this Court explained in *Allen*,

> prior holdings of both this and the Indiana Supreme Court as well as the express language of Indiana Code section 35-34-1-10(c) contemplate that dismissal of a subsequent matter is still available after the resolution of the first matter so long as the defendant requests the dismissal before the beginning of the second trial. *See Williams*, 762 N.E.2d at 1219; *Haywood*, 875 N.E.2d at 773-74; [*State v.*]*Wiggins*, 661 N.E.2d [878, 880-81 (Ind. Ct. App. 1996)]. We see no reason to stray from the prior decisions of the Indiana Appellate Courts, or to circumvent the wisdom of the General Assembly regarding when a defendant must object to a successive

9

prosecution under the Successive Prosecution Statute, and accordingly reject the State's invitation to do so.

956 N.E.2d at 198.

Even if we assume that a defendant can waive this issue when he knows that a second set of charges may be on the horizon, there was no valid waiver here because Honeycutt was neither aware of the rights he was waiving under the Successive Prosecution Statute nor was he represented by an attorney. We therefore cannot say that Honeycutt waived his challenge under the Successive Prosecution Statute.

The trial court abused its discretion in denying Honeycutt's motion to dismiss the charges of Class A misdemeanor operating while intoxicated and Class C misdemeanor operating a vehicle with a Schedule I or II controlled substance in his body.

Reversed.

MATHIAS, J., and BARNES, J., concur.