**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 20 2014, 6:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRENT R. DECHERT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TANNER HOWARD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1304-CR-392 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Brant J. Parry, Judge
Cause No. 34D02-1207-FB-171

**February 20, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Tanner Howard (Howard), appeals the trial court's denial of his motion to dismiss.

We affirm.

ISSUE

Howard raises one issue on appeal, which we restate as follows:  Whether the trial court abused its discretion by denying Howard's motion to dismiss.

FACTS AND PROCEDURAL HISTORY

On December 18, 2011, Sergeant Mark Miller and Officer Chad Vancamp (Officers), of the Kokomo Police Department were dispatched to an area near Armstrong and Elm Streets in Kokomo, Indiana, to investigate shots that had been fired.  Upon arrival, the Officers observed several males standing over Christopher Ingle (Ingle).  Two of the males, one of which was later identified as Howard, fled and refused to comply with the Officers' command to stop.  After a pursuit, the Officers caught up with Howard and the other male and apprehended them.  The Officers conducted a body search on Howard, and they found him to be in possession of Ingle's wallet.  On retracing their path of pursuit, the Officers discovered a handgun.  Two hours after the arrest, the Officers interviewed Ingle who stated that he and his friends were on Armstrong Street waiting to engage in a fight with other people when three men started walking towards them.  Ingle told the Officers that he was struck in his face with a gun and was robbed of his wallet.  The Officers also interviewed Howard who confessed that he had struck Ingle in the face with a gun, and while doing so, the gun accidently discharged and shot Ingle's friend in the leg.  Howard

2

also admitted that during the incident, he had seen a wallet on the ground and thought it was his, so he picked it up and put it in his pocket.

The following day, on December 19, 2011, the State filed an Information, charging Howard with resisting law enforcement, a Class A misdemeanor, Ind. Code § 35-44.1-3-1(a) under cause number 34D03-1112-CM-1362 (Cause No. CM-1362). Meanwhile, the detectives at Kokomo Police Department continued with their investigation in the robbery and shooting. On February 14, 2012, Howard pled guilty to resisting law enforcement and on March 15, 2012, he was sentenced to one year.

On May 22, 2012, the Kokomo Police Department completed its investigation in the robbery and the shooting that took place on December 18, 2011. On July 9, 2012, the State filed an Information, charging Howard with Count I, robbery resulting in bodily injury, a Class B felony, I.C. § 35-42-5-1(1); and Count II, criminal recklessness, a Class D felony, I.C. § 35-42-2-2(b)(1)(2) under cause number 34D02-1207-FB-00171 (Cause No. FB-00171). On October 23, 2012, Howard filed a motion to dismiss Cause No. FB-00171 pursuant to I.C 35-41-4-4(a), (the Successive Prosecution Statute). In his motion, Howard argued that a dismissal of the new charges was warranted since the robbery, shooting, and resisting law enforcement arose from a single scheme or plan, and thus the State was barred under the Successive Prosecution Statute to bring the latter charges. Following a hearing on February 4, 2013, the trial court denied Howard's motion on February 13, 2013. In its Order, the trial court stated, in pertinent part, the following:

> According to the probable cause filed in the instant case, the investigation of the fight, robbery and shooting lasted until well after [Howard] entered into a plea and was sentenced in the original prosecution for resisting law enforcement. The

3

investigating officers were taking statements of witnesses and suspects, collecting evidence, and having evidence analyzed for blood residue and fingerprints. The probable cause for the instant case does not include the affidavit used to find probable cause in the original prosecution. However, it also includes approximately 95 additional pages of affidavits, pictures, lab results, etc. which were gathered during the investigation of the incident which occurred just prior to [Howard] fleeing from the officers.

(Appellant's App. pp. 59-59(a)).

On March 22, 2013, Howard filed a motion to certify the trial court's ruling for an interlocutory appeal and on March 27, 2013, the trial court granted this motion. On June 10, 2013, we accepted jurisdiction. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Howard contends that the trial court abused its discretion in denying his motion to dismiss because prosecuting him for the charges in Cause No. FB-00171 after he had already pled guilty to the charge alleged in Cause No. CM-1362 was barred under the Successive Prosecution Statute.

On appeal, "we review a trial court's denial of a motion to dismiss for an abuse of discretion." *Johnson v. State,* 774 N.E.2d 1012, 1014 (Ind. Ct. App. 2002). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Howard v. State,* 818 N.E.2d 469, 474 (Ind. Ct. App. 2004). As such, we must determine whether Howard's offenses were part of a "single scheme or plan" such that they should have been joined in the initial prosecution. *Williams v. State*, 762 N.E.2d 1216, 1219 (Ind. 2002). The Successive Prosecution Statute sets forth the circumstances under which a prosecution is barred by reason of a previous prosecution for a different offense:

4

(a) A prosecution is barred if all of the following exist:

> (1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.
> (2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.
> (3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

(b) A prosecution is not barred under this section if the offense on which it is based was not consummated when the trial under the former prosecution began.

I.C. § 35–41–4–4.

Both parties agree that the provisions of subsection (a)(1) and (a)(2) are satisfied and only subsection (a)(3) is contested. On reading I.C. § 35–41–4–4, we note that "should have been charged" in subsection (a)(3) must be read in conjunction with Indiana's Joinder Statute. *Williams*, 762 N.E.2d at 1219. Indiana's Joinder Statute provides in relevant part:

Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

> (1) are of the same or similar character, even if not part of a single scheme or plan; or
> (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

I.C. § 35–34–1–9(a).

Howard contends that the State had sufficient evidence to support the robbery and criminal recklessness charges at the time the State filed the resisting law enforcement charge on December 19, 2011. Howard relies on the *Williams* case to support his argument. In *Williams*, the defendant sold cocaine to an undercover police officer in the parking lot of an apartment complex. *Id.* at 1218. When police cars approached to apprehend him, the defendant fled and hid in an empty apartment. *Id.* After Williams was arrested, police

5

officers discovered cocaine in his possession. *Id*. The State charged Williams with residential entry and possession of cocaine for those crimes committed after fleeing from the police, and he pled guilty to the possession offense. *Id.* The State charged Williams separately with dealing in cocaine and possession of cocaine for the offenses that he committed before leaving the scene of the narcotics deal. *Id.* Williams moved to dismiss the later charges, arguing that they were barred under the Successive Prosecution Statute. *Id*. Although the trial court denied the motion to dismiss, our supreme court reversed, finding that the charges were "based on a series of acts so connected that they constituted parts of a single scheme or plan." *Id*. at 1220.

Our review of the record establishes that *Williams* is inapposite to the instant case. In *Williams*, the State charged Williams with possession of cocaine and residential entry, however, it failed to charge him with dealing in cocaine from the undercover operation until a later date. Our supreme court in that case held there was probable cause to charge Williams with dealing in and possession of cocaine at the same time he was charged with the residential entry and possession of cocaine offenses. In the instant case, the record reveals that the State did not have sufficient probable cause to charge Howard with robbery and criminal recklessness at the time the State filed the resisting law enforcement charge. On December 18, 2011, Ingle did not name Howard and neither did he know his identity. On December 19, 2011, the day Howard was charged with resisting law enforcement, Howard told the police he had been hit first, the handgun accidentally discharged, and he had picked up Ingle's wallet by mistake. It was not until December 20, 2011, that Ingle named Howard by name and identified his photo. Thus it was unclear whether Howard

6

had committed a criminal act or he had acted in self-defense. Irrespective of Howard's statements, the Kokomo Police Department made the decision to test the handgun for latent fingerprints and for possible blood match. On January 12, 2012, Detective Purtee reported that no suitable fingerprints had been found to match Howard's. The police however found a reddish stain on the handgun and sent over to the Indiana State Police Laboratory for further evaluation. (App. p. 164-69). Here the record obviously shows that police took several months investigating the robbery and shooting.

We find that the instant case to be more like *State v. McDonald* 954 N.E.2d 1031 (Ind. Ct. App. 2011). In *McDonald,* in the summer of 2008, McDonald's three children, were removed from McDonald and his wife's care by the Department of Child Services due to unsanitary conditions in the home. During the interviews, the oldest child claimed that McDonald had molested her, while the second child was unable to communicate due to severe speech delays and impaired hearing. *Id* at 1032. The State filed charges with respect to the oldest child only. *Id.* McDonald pled guilty to the charge. After the second child was able to speak clearly, the State filed new charges with respect to the second child. *Id.* McDonald thereafter filed a motion to dismiss, which the trial court granted. *Id.* at 1033. The State filed an interlocutory appeal challenging McDonald's motion. On appeal, we held that:

> McDonald relies on *Williams* and *Wiggins* for the proposition that the trial court properly dismissed the charges. However, in both *Williams* and *Wiggins*, the State was aware of the basis of the second charges and had evidence to support the second charges at the time it filed the first charges. *See Williams*, 762 N.E.2d at 1220 (holding that charges for dealing in and possession of cocaine should have been brought at the same time as prior charges for residential entry and possession of cocaine); *Wiggins*, 661 N.E.2d at 881 (holding that prosecution for conspiracy to

7

deal cocaine was barred after the defendant's prosecution for dealing in cocaine). This is not a case of attempted piecemeal prosecution as in *Williams* and *Wiggins*. The State simply had inadequate evidence to support charging McDonald until July 2010. We conclude that the trial court abused its discretion by granting McDonald's motion to dismiss the charges related to [the second child].

*Id*. at 1035.

As in *McDonald,* probable cause was necessary to file the charges in Cause No. FB-00171 and the State had no obligation to file the charges until such probable cause existed. As we noted before, on the date of filing the first charges, December 19, 2011, the State did not have probable cause to charge Howard with the later charges. The investigation into the robbery and shooting was complex. The police had the task of interviewing several witnesses and they also had to test the handgun for latent fingerprints or a possible blood match. The record reveals that the forensic results for the handgun were a key piece of the evidence and the investigation pertaining to that was concluded several months after the incident. Under these circumstances, we find that the State simply had inadequate evidence by December 19, 2011 to charge Howard with the subsequent charges. Therefore, we cannot say trial court abused its discretion by denying Howard's motion to dismiss.

<u>CONCLUSION</u>

We therefore conclude that the trial court did not abuse its discretion by denying Howard's motion to dismiss.

Affirmed.

VAIDIK, C.J. AND MAY, J. concur

8