STATE of Indiana, Appellant–Plaintiff,

v.

Ollie H. DIXON, Sr., Appellee–
Defendant.

No. 48A05–1001–CR–30.

Court of Appeals of Indiana.

April 14, 2010.

Transfer Denied July 15, 2010.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

David W. Stone IV, Anderson, IN, Attorney for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Plaintiff, the State of Indiana, appeals the trial court's order granting Appellee–Defendant Ollie Dixon, Sr., his motion to dismiss a criminal recklessness indictment on the grounds that it was barred under Indiana's successive prosecution statute, Indiana Code section 35–41–4–4 (2008). Upon appeal, the State argues that section 35–41–4–4 does not operate to bar prosecution under these facts. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On March 28, 2009, Anderson Police Department officers arrested Dixon for Class A misdemeanor operating a motor vehicle while intoxicated. At the time, officers checked Dixon for weapons but did not locate any. Dixon was transported to the Madison County Jail, processed, and officially booked at 4:52 a.m. on March 29, 2009, at which time he was again searched for weapons and placed in a holding cell. At some subsequent point, jail authorities became aware that Dixon had a Colt Commander .45 caliber semi-automatic

handgun in his possession. Authorities removed the handgun from Dixon's possession. Dixon was released from the jail later that day.

On March 28, 2009, the State filed charges against Dixon in Anderson City Court for operating while intoxicated, refusal to submit to a chemical test, and failure to have a required signal device. On May 29, 2009, a Madison County Grand Jury indicted Dixon, in Madison Circuit Court, for Class D felony Criminal Recklessness [1] based upon his concealed possession of the handgun at the jail. On June 16, 2009, Dixon pled guilty to the operating while intoxicated charge in City Court. The State dismissed the two additional City Court charges.

On July 17, 2009, Dixon filed a motion to dismiss the criminal recklessness charge on the grounds that prosecution was barred pursuant to Indiana Code section 35–41–4–4. Following a September 2, 2009 hearing on the matter, the trial court granted Dixon's motion. This appeal follows.

### DISCUSSION AND DECISION

█ In addressing the State's contention that the trial court should not have granted Dixon's motion to dismiss, we review a trial court's denial of a motion to dismiss for an abuse of discretion. *Haywood v. State*, 875 N.E.2d 770, 772 (Ind.Ct. App.2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. *Id.*

Indiana Code section 35–41–4–4 (2008) provides, in pertinent part, as follows:

(a) A prosecution is barred if all of the following exist:

(1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

(2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 [35–41–4–3] of this chapter.

(3) The instant prosecution is for an offense with which the defendant *should have been charged* in the former prosecution.

(Emphasis supplied).

The words "should have been charged" in subsection (a)(3) must be read in conjunction with Indiana's joinder statute. *Williams v. State*, 762 N.E.2d 1216, 1219 (Ind.2002). This statute provides in relevant part as follows:

A defendant who has been tried for one (1) offense may thereafter move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section 9 of this chapter.[2] The motion to dismiss shall be made prior to the second trial, and shall be granted if the prosecution is barred by reason of the former prosecution.

Ind.Code § 35–34–1–10(c) (2008).

In *Williams*, the Supreme Court endorsed this court's past characterization of section 35–34–1–10 in the following way: "'[O]ur legislature has provided that, where two or more charges are based on

---

1. Ind.Code § 35–42–2–2(b)(1), (c)(2)(A) (2008).

2. Indiana Code section 35–34–1–9 (2008) provides in relevant part as follows:

(a) Two (2) or more offenses may be joined in the same indictment or information, with

each offense stated in a separate count, when the offenses ... (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

the same conduct or on a series of acts constituting parts of a single scheme or plan, they *should* be joined for trial.'" 762 N.E.2d at 1219 (quoting *State v. Wiggins*, 661 N.E.2d 878, 880 (Ind.Ct.App. 1996) (emphasis in original)). "This statutory scheme provides 'a check upon the otherwise unlimited power of the State to pursue successive prosecutions.'" *Id.* (quoting *Wiggins*, 661 N.E.2d at 881). Where the State chooses to bring multiple prosecutions for a series of acts constituting parts of a single criminal transaction, it does so at its own peril. *Id.* To determine whether contemporaneous crimes are part of a single scheme or plan, we examine "'whether they are connected by a distinctive nature, have a common modus operandi, and a common motive.'" *Id.* at 1220 (quoting *Henderson v. State*, 647 N.E.2d 7, 10 (Ind.Ct.App.1995) (citations omitted)).

■ At issue is whether Dixon's offenses were part of a "single scheme or plan" such that they should have been joined in the initial prosecution. In granting Dixon's motion to dismiss, the trial court based its ruling upon the fact that there was "no break in the chain of events which led to the filing of these two (2) cases." Appellant's App. p. 22. The State does not dispute the existence of a temporal connection between the two offenses but argues that this connection, by itself, does not establish a single scheme or plan justifying dismissal of the criminal recklessness charge.[3]

Consistent with the State's argument, the Supreme Court in *Williams* emphasized that contemporaneous crimes must nevertheless be connected by a "distinctive nature, have a common modus operandi, and a common motive" to be said to have a single scheme or plan. *Id.* at 1220. In

*Williams*, an undercover police officer bought drugs from the defendant, then allowed him to depart and contacted nearby officers to arrest him. *Id.* at 1217. In his effort to depart, the defendant apparently took only a few steps, saw five or six police officers on the scene, and fled to a nearby vacant apartment. *Id.* at 1220. The officers on the scene pursued him to the apartment, arrested him, and found more drugs in his possession. *Id.* at 1217, 1220. The State charged the defendant with breaking into the apartment and possessing drugs there, and later charged the defendant, in another courtroom, with the undercover buy. *Id.* at 1217. In concluding that this later charge was barred under the successive prosecution statute, the Supreme Court observed that the charges in separate courts involved the very same immediate circumstances, demonstrating that these charges were "so connected that they constituted parts of a single scheme or plan." *Id.* at 1220.

This court relied heavily upon *Williams* in ruling that successive prosecutions were similarly barred in *Haywood*. In *Haywood*, authorities were dispatched to a scene to investigate an alleged drunk driver. 875 N.E.2d at 771. The defendant, who exhibited signs of intoxication, was found sitting inside a vehicle with his young son. *Id.* Authorities directed the defendant to sit in their police car, but the defendant refused, stating he wanted to kiss his son, who remained in the vehicle. *Id.* The defendant then struggled with authorities, kicking one officer in the leg. *Id.*

The defendant was later charged in a county court with several alcohol-related offenses and neglect of a dependent. *Id.* at 771–72. Approximately six days later,

---

**3.** The parties dispute whether the State may now make the argument, which it did not make before the trial court, that the charges could not have been joined because the city court did not have jurisdiction over the felony criminal recklessness charge. Because our opinion does not rest on this ground, we find it unnecessary to resolve this dispute.

the defendant was charged in city court with battery against a police officer, resisting law enforcement and violating probation. *Id.* at 772. The defendant ultimately pleaded guilty to the city court charges and moved to dismiss the county court charges on section 35–41–4–4 grounds. *Id.*

In agreeing that the defendant was entitled to dismissal of the county court charges, the *Haywood* court observed that, like in *Williams*, the defendant committed a preliminary crime and then a subsequent crime in an attempt to avoid apprehension for the initial offense. *Haywood*, 875 N.E.2d at 773. In addition, the crimes at issue in both cases were committed within a short period of uninterrupted time and in a limited locale. *See id.* at 773–74 (observing that *Williams* court rejected argument that defendant's flight from arresting officers broke the continuity of his acts).

Unlike the charges at issue in *Williams* and *Haywood*, the charges at issue here did not arise within a short period of uninterrupted time or in a limited locale and therefore cannot be said to have shared a distinctive nature or common motive. Regarding their differing natures, Dixon's offense of criminal recklessness involved the alleged concealment of a firearm inside a jail cell after he was arrested for the preliminary offense of driving while intoxicated, transported to the jail, and placed in the cell. Significantly, Dixon's operating while intoxicated offense was a noticeably open and public offense by comparison, and its street location would have been far removed from the holding cell location of the criminal recklessness offense. In addition, while Dixon's offenses were perhaps based upon acts which were linked by his

intoxication and may have shared an initial temporal origin, they cannot be said to have been demonstrably connected by a single or common motive. Dixon's alleged offense of criminal recklessness occurred in jail—well after his arrest for driving while intoxicated—demonstrating that this latter offense cannot be said to have been committed in a broad effort to facilitate or prevent apprehension for the former. Accordingly, we cannot conclude that the crimes were connected by a distinctive nature or had a common motive.

As for modus operandi, Dixon's operating while intoxicated offense involved merely that—operating a vehicle while intoxicated. Apart from the shared fact of intoxication, the nature of this driving offense and the means used to commit it had little to no similarity to the ongoing and personal concealment of a weapon inside a jail, demonstrating the lack of a common modus operandi here. In the absence of connection by a distinctive nature, and without a common modus operandi or motive, we cannot conclude that Dixon's offenses constituted a single scheme or plan.[4] Accordingly, we reverse the trial court's judgment granting Dixon's motion to dismiss his criminal recklessness charges in Madison County and remand for further proceedings.

The judgment of the trial court is reversed, and the cause is remanded with instructions.

RILEY, J., and MATHIAS, J., concur.

---

**4.** Dixon bases part of his argument upon interpretations of "episode of criminal conduct" as that phrase relates to a defendant's sentence pursuant to Indiana Code section 35–50–1–2. While the phrase may involve somewhat similar language, we decline to conflate the "episode of criminal conduct" analysis for

sentencing defendants with the "single scheme or plan" analysis for charging them. *See Deshazier v. State*, 877 N.E.2d 200, 213 n. 12 (Ind.Ct.App.2007) (declining to apply "single scheme or plan" analysis to consecutive sentencing case), *trans. denied.*