# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**ADAM C. SQUILLER**
Squiller & Hardy
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ROBERT L. SLONE,                              )
                                              )
    Appellant-Defendant,                      )
                                              )
        vs.                               )    No. 17A03-1312-CR-496
                                              )
STATE OF INDIANA,                             )
                                              )
    Appellee-Plaintiff.                       )

APPEAL FROM THE DeKALB SUPERIOR COURT
The Honorable Monte L. Brown, Judge
Cause Nos. 17D02-1305-FC-13, 17D02-1308-FB-15

**June 13, 2014**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On December 17, 2012, Appellant-Defendant Robert L. Slone broke and entered into the building or structure of Julia Hobbs with the intent to commit theft therein. On April 23, 2013, Slone broke and entered into the building or structure of Elizabeth Walker with the intent to commit theft therein. On May 4, 2013, Slone broke and entered into the building or structure of Merrill Hunter with the intent to commit theft therein. Each of the three break-ins occurred in DeKalb County.

On May 6, 2013, Appellee-Plaintiff the State of Indiana (the "State") charged Slone under Cause Number 17D02-1305-FC-13 ("Cause No. FC-13") with one count each of Class C felony burglary, Class D felony theft, and Class D felony receiving stolen property. On August 2, 2013, the State charged Slone under Cause Number 17D02-1308-FB-15 ("Cause No. FB-15") with one count of Class B felony burglary, one count of Class D felony receiving stolen property, one count of Class C felony attempted burglary, and two counts of Class C felony burglary. The State also alleged that Slone was a habitual offender.

Slone subsequently pled guilty to one count of Class C felony burglary under Cause No. FC-13 and two counts of Class C felony burglary under Cause No. FB-15. The trial court sentenced Slone to an aggregate twenty-four-year sentence. On appeal, Slone contends that the trial court abused its discretion in sentencing him, claiming that the three thefts for which he was convicted arose from a single episode of criminal conduct. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On December 17, 2012, Slone broke and entered into the building or structure of Julia

2

Hobbs with the intent to commit theft therein. On April 23, 2013, Slone broke and entered into the building or structure, specifically, the garage, of Elizabeth Walker with the intent to commit theft therein. On May 4, 2013, Slone broke and entered into the building or structure of Merrill Hunter with the intent to commit theft therein. Each of the three break-ins occurred in DeKalb County.

On May 6, 2013, the State charged Slone under Cause No. FC-13 with one count each of Class C felony burglary, Class D felony theft, and Class D felony receiving stolen property. On August 2, 2013, the State charged Slone under Cause No. FB-15 with one count of Class B felony burglary, one count of Class D felony receiving stolen property, one count of Class C felony attempted burglary, and two counts of Class C felony burglary. The State also alleged that Slone was a habitual offender.

On November 20, 2013, the trial court conducted a combined guilty plea hearing for Cause Nos. FC-13 and FB-15. During this guilty plea hearing, the State requested, and was granted, permission to amend the Class B felony burglary count in Cause No. FB-15 to Class C felony burglary. Under Cause No. FC-13, Slone pled guilty to one count of Class C felony burglary. Under Cause No. FB-15, Slone pled guilty to two counts of Class C felony burglary. In exchange for Slone's guilty pleas, the State agreed to dismiss all remaining charges under both Cause No. FC-13 and Cause No. FB-15. Pursuant to the terms of the plea agreement, sentencing was left to the discretion of the trial court.

On December 19, 2013, the trial court sentenced Slone to a term of eight years for each of the Class C felony burglary counts to which Slone pled guilty. The trial court

3

specifically found that Slone's criminal actions did not arise out of a single episode of criminal conduct and ordered that the sentences for each of the counts "shall run consecutive to one another," for an aggregate term of twenty-four years of incarceration. Appellant's App. p. 91. This appeal follows.

## DISCUSSION AND DECISION

Slone contends that the trial court abused its discretion in sentencing him to an aggregate term of twenty-four years. Specifically, Slone claims that the burglaries arose from a single episode of criminal conduct, and, as a result, his sentence should have been limited to no more than ten years. Alternatively, Slone claims that even if all three of the burglaries did not arise from a single episode of criminal conduct, his aggregate sentence should have been limited to eighteen years because the April 23, 2013 and May 4, 2013 burglaries arose from a single episode of criminal conduct as they were of a relatively close temporal proximity.

In general, a trial court cannot order consecutive sentences in the absence of express statutory authority. *Reed v. State*, 856 N.E.2d 1189, 1199 (Ind. 2006). "'A sentence that is contrary to or violative of a penalty mandated by statute is illegal in the sense that it is without statutory authorization.'" *Id*. (quoting *Rhodes v. State*, 698 N.E.2d 304, 307 (Ind. 1998)). "An appellate claim of sentencing error is subject to review for abuse of trial court discretion; reversal results 'only if there has been a manifest abuse of discretion.'" *Reynolds v. State*, 657 N.E.2d 438, 440 (Ind. Ct. App. 1995) (quoting *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993)).

4

Indiana Code section 35-50-1-2(c)(2) provides that except for statutory crimes of violence, "the total of the consecutive terms of imprisonment … to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted." The term "'episode of criminal conduct' means offenses or a connected series of offenses that are closely related in time, place, and circumstance." Ind. Code § 35-50-1-2(b).

> In determining whether multiple offenses constitute an episode of criminal conduct, the focus is on the timing of the offenses and the simultaneous and contemporaneous nature, if any, of the crimes." [*Reed*, 856 N.E.2d at 1200]. "[A]dditional guidance on the question" can be obtained by considering "whether 'the alleged conduct was so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to the details of the other charge.'" *Id*. (quoting *O'Connell v. State*, 742 N.E.2d 943, 950-51 (Ind. 2001)).

*Williams v. State*, 891 N.E.2d 621, 631 (Ind. Ct. App. 2008). "Whether certain offenses constitute a 'single episode of criminal conduct' is a fact-intensive inquiry" to be determined by the trial court. *Schlichter v. State*, 779 N.E.2d 1155, 1157 (Ind. 2002).

The burglaries at issue in the instant matter were not simultaneous or continuous. The factual basis provided by Slone at the guilty plea hearing demonstrates that Slone broke and entered into the building or structure of Hobbs with the intent to commit theft on December 17, 2012; the garage of Walker with the intent to commit theft on April 23, 2013; and the building or structure of Hunter on May 4, 2013. (Tr. 17-18) The first and second burglaries were separated by approximately four months, and the second and third burglaries were

separated by a few weeks. The trial court took the separation in time under consideration at sentencing, finding that "while there are common elements between the crimes committed, they are separate distinct crimes committed over a period of approximately six (6) months. Therefore, the Court [found] they did not occur or arise out of a single episode of criminal conduct." Appellant's App. p. 91. We agree with the trial court's determination that the burglaries did not arise from a single episode of criminal conduct as the burglaries were not of a simultaneous or contemporaneous nature.

Furthermore, we are unpersuaded by Slone's assertion that the fact that the State sought to join Cause Nos. FC-13 and FB-15 for trial purposes indicates that Slone's crimes arose from a single episode of criminal conduct. Indiana Code section 35-34-1-9(a) provides that two or more offenses "may be joined in the same indictment or information … when the offenses: (1) are of the same or similar character, *even if not part of a single scheme or plan*; or (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." (Emphasis added). "Offenses may be sufficiently 'connected together' to justify joinder under subsection [Indiana Code section 35-34-1-9(a)(2)] 'if the State can establish that a common modus operandi linked the crimes and that the same motive induced that criminal behavior.'" *Craig v. State*, 730 N.E.2d 1262, 1265 (Ind. 2000) (quoting *Ben-Yisrayl v. State*, 690 N.E.2d 1141, 1145 (Ind. 1997)).

Before Slone decided to plead guilty, the State moved to join Cause Nos. FC-13 and FB-15 for trial. In requesting that Cause Nos. FC-13 and FB-15 be joined for trial, the State argued that the burglaries displayed a common modus operandi. The State did not argue that

6

the burglaries arose out of a single episode of criminal conduct. We have previously stated that while the phrase "episode of criminal conduct" may involve somewhat similar language to Indiana Code section 35-34-1-9(a), "we decline to conflate the 'episode of criminal conduct' analysis for sentencing defendants with the 'single scheme or plan' analysis for charging them." *State v. Dixon*, 924 N.E.2d 1270, 1273 n.4 (Ind. Ct. App. 2010 (citing *Deshazier v. State*, 877 N.E.2d 200, 213 n. 12 (Ind. Ct. App. 2007) (declining to apply "single scheme or plan" analysis to consecutive sentencing case), *trans. denied*). Keeping the distinction between Indiana Code section 35-50-1-2(c)(2) and Indiana Code section 35-34-1-9(a)(2) in mind, we conclude that the fact that the State sought to join the charges for trial does not prove that Slone's criminal actions arose out of a single episode of criminal conduct.

In sum, we conclude that the trial court did not abuse its discretion in sentencing Slone.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.