## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jan 30 2015, 10:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark A. Delgado
Monticello, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph Pohl,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 30, 2015

Court of Appeals Cause No. 38A02-1404-CR-223

Appeal from the Jay Circuit Court

**Pyle, Judge**

# Statement of the Case

Joseph Pohl ("Pohl") appeals his sentence, after a jury trial, for his two convictions of Class B felony burglary[1] and two convictions of Class D felony theft.[2] On appeal, Pohl claims that the trial court abused its discretion by sentencing him to consecutive sentences that exceed what is allowed for as a single episode of criminal conduct. In addition, Pohl asserts that the trial court's sentencing statement is inadequate and that it ignored his youthful age as a mitigating circumstance. He also argues that his sentence is inappropriate. Concluding that the trial court did not abuse its discretion in sentencing Pohl, and that Pohl waived his argument under Indiana Appellate Rule 7(B), we affirm his sentence.

We affirm.

# Issues

1. Whether the trial court abused its discretion in sentencing Pohl.

2. Whether Pohl's sentence is inappropriate under Indiana Appellate Rule 7(B).

---

[1] IND. CODE § 35-43-2-1. We note that, effective July 1, 2014, a new version of this burglary statute was enacted and that Class B felony burglary is now a Level 4 felony. Because Pohl committed his crimes in 2013, we will apply the statute in effect at that time.

[2] IND. CODE § 35-43-4-2. Again, effective July 1, 2014, a new version of this theft statute was enacted, and Class D felony theft is now a Class A misdemeanor. We will apply the statute in effect at the time of Pohl's crimes.

# Facts

Pohl lived in Dunkirk next door to Barbara Irelan ("Irelan"). Irelan occasionally paid Pohl to cut her grass, trim her hedges, and shovel her snow. On June 6, 2013, Irelan went to Indianapolis for an Elk's convention. Irelan locked the doors to her home when she left, but she left a window open on the front of her house.

On the day that Irelan left for Indianapolis, Pohl and his girlfriend, Kassandra Workman ("Workman"), were sitting on his back porch. Pohl decided to try and break into Irelan's car, but it was locked. Pohl then remembered that Irelan was out of town, and he told Workman that he was going to try to break into Irelan's house. Pohl did break into the house and stole a bottle of vodka.

The next evening, Workman was at a friend's house, and Pohl came over with the bottle of vodka. He said that he had taken the vodka from Irelan's house, which he had entered through the front window. After drinking the vodka, Pohl and Workman decided to break into Irelan's house "[j]ust to look around, [and] see what [they] could get." (Tr. 61). They opened Irelan's front door, went inside, and took coins and a handgun.

Pohl and Workman took the items to Alex Blankenship's ("Blankenship") house. They asked Blankenship if he could help them sell the gun. Blankenship took the gun and sold it to his step-father, Larry Kelly, for $50. Pohl and Workman then took the coins to a machine at Wal-Mart to exchange for cash. They used the cash to buy narcotics.

[9] When Irelan returned to her home, she found the front door ajar. The window screen had "a ripple in it showing that [] something had happened to it" (Tr. 23-24). She noted that a bottle of vodka, loose and rolled coins, a handgun, tie tacks, and jewelry were missing.

[10] On August 2, 2013, the State charged Pohl with two counts of burglary and two counts of theft. A jury trial was held on February 3, 2014, and the jury found Pohl guilty as charged. At the sentencing hearing, the trial court stated the following reasons for imposing its sentence:

> Alright [sic] the court is required to make a reasonably detailed sentencing statement to explain to you, those persons present and perhaps a reviewing court . . . the basis for the sentence that I'm about to impose.
>
> * * * * *
>
> As far as aggravating circumstances, the court finds as follows, you have a healthy history of criminal activity. You have a juvenile adjudication. You have recently violated conditions of probation. You have recently violated conditions of parole. While awaiting trial in this matter, you violated jail rules resulting in good time or loss of good time credit of thirty days. Furthermore, the victim of your offense was over 65 years of age. Each of those are aggravating circumstances. As far as mitigation, the court finds that your specialized [safety] issues require some consideration. The quote, quite honestly you-I am not going to find that imprisonment is going to result in undue hardship to you. You have been to one prison and somehow in your mind you are now a target for everybody in the Department of Correction. I don't buy it. I think it's another unsuccessful attempt at manipulating your sentence. The aggravating circumstances in your particular case far outweigh the mitigating circumstances[.]

(Sent. Tr. 24). The trial court sentenced Pohl to fifteen (15) years for each burglary conviction and thirty (30) months on each theft conviction. The court ordered Pohl to serve the burglary convictions consecutive to one another, but the theft convictions were to be served concurrently with each other and the burglary convictions. The total sentence imposed was an executed term of thirty (30) years in the Department of Correction. Pohl now appeals.

# Decision

On appeal, Pohl argues that the trial court abused its discretion in three ways. First, because the crimes were a single episode of criminal conduct, he claims that the consecutive sentence imposed by the trial court exceeded the amount allowed by statute. In addition, he claims that the trial court's sentencing statement is inadequate in that "it merely states aggravating factors and a mitigating fact followed by conjecture." (Pohl's Br. 6). Finally, he asserts that the trial court abused its discretion by failing to consider his youthful age as a mitigating circumstance. Furthermore, Pohl argues that his sentence is inappropriate. We address each of his claims in turn.

1. Abuse of Discretion

   a. Single Episode of Criminal Conduct

We first address Pohl's claim regarding his consecutive sentences. Generally, a trial court cannot impose consecutive sentences without express statutory authority. *Slone v. State*, 11 N.E.3d 969, 972 (Ind. Ct. App. 2014). A sentence that is contrary to or in violation of a statute is illegal because it is without

statutory authorization.  *Id.*  We review a claim of sentencing error for an abuse of discretion, and reversal is only warranted when there has been a manifest abuse of discretion.  *Id*.

[14] When a trial court orders a defendant to serve consecutive sentences for multiple felony convictions, the trial court must comply with INDIANA CODE § 35-50-1-2(c), which provides the following:

> . . . , *except for crimes of violence*, the total of the consecutive terms of imprisonment, . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class higher than the most serious of the felonies for which the person has been convicted.

[15] (emphasis added).  The State argues that pursuant to IND. CODE § 35-50-1-2(a), Pohl's burglary convictions are crimes of violence.  Burglary as a class B felony is among the listed offenses considered a crime of violence.  IND. CODE § 35-50-1-2(a)(13).  Thus, even if the burglaries were a single episode of criminal conduct, the limit on the term of imprisonment, by statute, would not apply.  Therefore, the trial court did not abuse its discretion in sentencing Pohl to consecutive terms.

*b. Inadequate Sentencing Statement & Mitigating Circumstances*

[16] Pohl argues that the trial court further abused its discretion by making an inadequate sentencing statement and overlooking his youthful age as a mitigating circumstance.

[17] Notwithstanding the authority afforded to appellate courts by Indiana Appellate Rule 7(B), "sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006) (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)). A trial court may abuse its discretion in sentencing a defendant by: (1) failing to enter a sentencing statement; (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons; (3) omitting reasons that are clearly supported by the record and advanced for consideration; or (4) imposing a sentence for reasons that are improper as a matter of law. *Anglemyer*, 868 N.E.2d at 490.

[18] In this case, Pohl essentially argues that the trial court failed to properly "weigh" the aggravating and mitigating circumstances. However, "[b]ecause the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence, unlike the pre-Blakely statutory regime, a trial court cannot now be said to have abused its discretion in failing to 'properly weigh' such factors." *Id*. at 491 (quoting *Jackson v. State*, 728 N.E.2d 147, 155 (Ind. 2000)). "Where a trial court imposes sentence for a felony offense it is required to issue a sentencing statement that

includes a reasonably detailed recitation of the trial court's reasons for the sentence imposed." *Anglemyer*, 868 N.E.2d at 481. In order for an appellate court to perform a meaningful review of a trial court's sentencing statement, we must be informed of the trial court's reason for imposing the sentence, and this necessarily requires a statement of fact, in some detail which, are peculiar to the particular defendant and the crime, as opposed to general impressions or conclusions. *Ramos v. State*, 869 N.E.2d 1262, 1264 (Ind. Ct. App. 2007).

[19] Here, the trial court outlined the aggravating and mitigating circumstances particular to Pohl and his crimes. The trial court took note of his significant criminal history and the fact that he had victimized an elderly neighbor. In addition, the trial court took into consideration Pohl's alleged safety concerns if he returned to the Department of Correction. As a result, the trial court did not abuse its discretion because the sentencing statement and the record before us are sufficient to conduct a meaningful review.

[20] Next, Pohl argues that the trial court erroneously failed to consider his young age as a mitigating factor. However, Pohl did not raise his age as a mitigator during the sentencing hearing. A trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing. *Anglemyer*, 868 N.E. 2d at 492 (citing *Georgopulos v. State*, 735 N.E2d 1138, 1145 (Ind. 2000)).[3] "[I]f the defendant fails to advance a mitigating circumstance at

[3] On rehearing, the Supreme Court clarified that "a defendant who pleads guilty does not forfeit the opportunity to claim on appeal that the trial court should have considered his guilty plea a mitigating

sentencing, this court will presume that the factor is not significant, and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal." *Creekmore v. State*, 853 N.E.2d 523, 530 (Ind. Ct. App. 2006). Accordingly, he is precluded from doing so here.

## 2. Inappropriate Sentence

Finally, Pohl argues that his sentence is inappropriate. Rule 7(B) of the Indiana Rules of Appellate Procedure provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." However, Pohl makes no argument showing how the trial court's sentence is inappropriate based upon this standard. In addition, our supreme court held in *Anglemyer* that abuse of discretion and inappropriate sentence claims are to be analyzed separately. *Anglemyer*, 868 N.E.2d at 491; s*ee also King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (observing that "an inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant"). Pohl cited *Anglemyer* in support of his inappropriate sentence claim. Yet, he still failed to separately argue his abuse of discretion and 7(B)

circumstance even though the defendant failed to assert this claim at sentencing." *Anglemyer*, 875 N.E.2d at 219.

claims.[4]  Accordingly, Pohl's argument that his sentence is inappropriate is waived.  *See Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008); Ind. Appellate Rule 46(A)(8)(a); *see also Smith v. State*, 822 N.E.2d 193, 202-203 (Ind. Ct. App. 2005) ("Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*.

Affirmed.

Najam, J., and Bailey, J., concur.

---

[4] Pohl also cited our supreme court's decision in *Reid v. State*, 876 N.E.2d 1114, where the Court, pursuant to Indiana Appellate Rule 7(B), revised a maximum sentence on a conspiracy to commit murder conviction. Nevertheless, Pohl still made no argument regarding the nature of this offense and his character.