## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 06 2016, 8:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Randy M. Fisher
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Roger E. Carlson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 6, 2016

Court of Appeals Case No.
02A05-1509-CR-1400

Appeal from the Allen Superior Court

The Honorable John F. Surbeck, Jr., Judge

Trial Court Cause No.
02D04-1411-FA-48

**Baker, Judge.**

[1] Roger Carlson appeals following his convictions for Rape,[1] a class A felony, two counts of Criminal Deviate Conduct,[2] a class A felony, and Criminal Confinement,[3] a class A felony. Carlson argues that the rape and criminal deviate conduct convictions violate the prohibition against double jeopardy. The trial court ordered the sentences for rape and criminal deviate conduct to be served consecutively, which Carlson contends was erroneous. Finding that the convictions do not place Carlson in double jeopardy and finding no sentencing error, we affirm.

## Facts

[2] On June 24, 1999, around 11:00 p.m., V.C., who was in her twenties, went to a bar in Fort Wayne. While at the bar, V.C. met and spoke with a stranger who identified himself only as "Mike." It was later determined that "Mike" was Carlson. Carlson and V.C. talked, danced, and had drinks together throughout the evening.

[3] Sometime after midnight, V.C. left the bar to walk home. Carlson approached her in his truck and offered her a ride. She declined. He then forced V.C. into his truck at gunpoint and drove to a cornfield in northern Allen County. Once they arrived at the cornfield, Carlson forced V.C. to remove her clothes and

---

[1] Ind. Code § 35-42-4-1.

[2] I.C. § 35-42-4-2.

[3] I.C. § 35-42-3-3.

wrapped her bra around her neck. He forced V.C. to perform oral sex on him and choked her with her bra if she did something he did not like. Carlson repeatedly forcibly penetrated V.C.'s vagina and anus with his penis. V.C. was afraid that Carlson would kill or seriously injure her.

[4] After these assaults continued for some time, Carlson then forced V.C. back into his truck and drove to another location near a railroad track. Once there, Carlson made V.C. pull down her pants and he raped her again. When she screamed, Carlson struck her in her vocal cords. Carlson held a large rock up over V.C.'s head and she prayed that she would see her children again. He said, "You're lucky I'm not going to kill you," and then he let her go, left her there, and drove away. Tr. p. 38. V.C. eventually made her way to a store and called her mother, who took her to a hospital. V.C. sustained pain in her head, neck, and leg, bruising, vaginal tears, widespread redness to her labial and anal areas, and blunt force trauma to her sexual organs.

[5] A sexual assault examination took place at the Sexual Assault Treatment Center, and evidence, including DNA samples and vaginal, cervical, anal, and oral swabs, was collected with a sexual assault kit. Law enforcement was unable to identify a suspect in 1999 and the case was closed, but the kit and the evidence were preserved. Around 2013, the Fort Wayne Police Department began reevaluating cold cases involving sexual assaults. The evidence from V.C.'s assault was submitted to a national database of DNA profiles. The evidence indicated that Carlson was V.C.'s attacker.

On November 19, 2014, the State charged Carlson with class A felony rape, two counts of class A felony criminal deviate conduct, and class A felony criminal confinement. A jury trial was held on July 29 and July 30, 2015, and the jury found Carlson guilty as charged. Following an August 27, 2015, sentencing hearing, the trial court sentenced Carlson to thirty years imprisonment for the rape and criminal deviate conduct convictions, to be served consecutively, and to ten years for the criminal confinement conviction, to be served concurrently with the other sentences, for an aggregate sentence of ninety years imprisonment. Carlson now appeals.

# Discussion and Decision

## I. Double Jeopardy

First, Carlson argues that his convictions for rape and criminal deviate conduct violate the prohibition against double jeopardy. A double jeopardy claim presents a pure question of law to which we apply a de novo standard of review. *Sloan v. State*, 947 N.E.2d 917, 920 (Ind. 2011). Under Article 1, Section 14 of the Indiana Constitution, two offenses are the same offense in violation of this double jeopardy provision where, with respect to either the statutory elements of the challenged offenses or the actual evidence used to convict, the essential elements of one of the offenses also establishes the essential elements of the other challenged offense. *Spivey v. State*, 761 N.E.2d 831, 832 (Ind. 2002).

[8] Carlson concedes that the statutory elements of rape and criminal deviate conduct are not the same, arguing solely that the same actual evidence was used to support both convictions. In considering this argument, an appellate court will find a double jeopardy violation only where there is a reasonable possibility that the evidentiary facts used by the factfinder to establish the essential elements of one of the offenses may also have been used to establish all the essential elements of the other challenged offense or offenses. *Hines v. State*, 30 N.E.3d 1216, 1222 (Ind. 2015). Our Supreme Court has emphasized that as long as "each conviction require[s] proof of at least one unique evidentiary fact," there is no violation of the actual evidence test. *Bald v. State*, 766 N.E.2d 1170, 1172 (Ind. 2002).

[9] The evidence supporting Carlson's rape conviction included the fact that he had vaginally penetrated V.C. The evidence supporting the criminal deviate conduct convictions, on the other hand, included the respective facts that Carlson had orally and anally penetrated V.C. In other words, each of these convictions requires proof of a unique evidentiary fact. We find no violation of double jeopardy principles and decline to overturn the convictions on this basis.

## II. Consecutive Sentences

[10] Next, Carlson argues that the consecutive sentences for his rape and criminal deviate conduct convictions was erroneous. He frames his argument by citing to the continuing crime doctrine. This doctrine, however, is "limited to situations where a defendant has been charged multiple times with the same

offense." *Hines*, 30 N.E.3d at 1219. Here, as noted above, Carlson was charged and convicted of three distinct offenses, each requiring proof of unique and distinct facts. Therefore, the continuing crime doctrine does not apply.

[11] We suspect that Carlson intended to argue that his crimes constituted a single episode of criminal conduct, rendering consecutive sentences erroneous. *See Slone v. State*, 11 N.E.3d 969, 972 (Ind. Ct. App. 2014) (holding that to determine whether crimes are a single episode of criminal conduct, focus is on the timing of the offenses and the simultaneous and contemporaneous nature of the crimes). Even if Carlson had made this argument, however, he would not have succeeded. Carlson forced V.C. into his truck at gunpoint and drove her to a cornfield, where he forced her to remove all of her clothes, choked her with her bra, and assaulted her orally, vaginally, and anally. Just when she thought the nightmare was over, he forced her back into the truck and drove her to a second secluded location. The second time, he forced her to take off her pants and committed a new, second round of sexual assaults against her, this time striking her in the vocal cords. In other words, he committed multiple sexual assaults on his victim in two places, at two times, in different ways, separated by a subsequent confinement and after transporting her by force a second time. We do not find that these actions constitute a single episode of criminal conduct; consequently, we find no error in the trial court's decision to order the sentences be served consecutively.

The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.