## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 24 2017, 9:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Isabella H. Bravo
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stacey Jo Caton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 24, 2017

Court of Appeals Case No.
53A05-1607-CR-1672

Appeal from the Monroe Circuit Court

The Honorable Mary-Ellen Diekhoff, Judge

Trial Court Cause No.
53C05-1409-F5-857

**Altice, Judge.**

## Case Summary

[1] Stacey Jo Caton pled guilty to seven offenses charged under four separate cause numbers, including three counts of Level 5 felony trafficking with an inmate charged under Cause Number 53C05-1409-F5-857 (Cause No. 857). On appeal, Caton argues that the seven-year aggregate sentence imposed for the offenses charged under Cause No. 857 is inappropriate in light of the nature of the offenses and her character.

[2] We affirm.

## Facts & Procedural History

[3] In March of 2013, Caton was charged under Cause Number 53C05-1408-CM-2248 (Cause No. 2248) with class A misdemeanor check deception. Five months later, Caton was charged under Cause Number 53C05-1310-FD-1022 (Cause No. 1022) with two counts of class D felony theft. On three separate occasions in July 2014, Caton sent a controlled substance to her husband through the mail while he was incarcerated in the Monroe County Correctional Center. As a result, Caton was charged under Cause No. 857 with three counts of Level 5 felony trafficking with an inmate. Caton was released on bond on September 23, 2015, and within two days she was arrested for operating a vehicle with a blood alcohol content of .25. As a result, Caton was charged under Cause Number 53C05-1409-CM-2698 (Cause No. 2698) with class A misdemeanor operating a vehicle while intoxicated (OWI).

[4] At some point, all four cause numbers were consolidated under Cause No. 857, and in October 2015, Caton pled guilty to all of the charged offenses. Shortly

thereafter, the trial court ordered Caton released for drug treatment pending sentencing. Caton completed treatment at Tara Treatment Center and was admitted to Amethyst House for further treatment. In the meantime, the trial court held monthly review hearings and sentencing was repeatedly continued at Caton's request. In April 2016, the trial court ordered Caton to report for day reporting upon the completion of her treatment at Amethyst House.

[5] On May 24, 2016, Caton tested positive for methamphetamine during an appointment with the Department of Child Services. The trial court issued a warrant for her arrest on June 9, 2016, and she was subsequently apprehended by police. A sentencing hearing was held on June 23, 2016. The trial court sentenced Caton to concurrent two-year sentences—which amounted to time served—for the two theft convictions under Cause No. 1022; a one-dollar fine, court costs, and restitution for the check deception conviction under Cause No. 2248; thirty-two days and a license suspension for the OWI conviction under Cause No. 2698; and an aggregate seven-year sentence for the three trafficking convictions under Cause No. 857. Caton now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[6] On appeal, Caton challenges only the seven-year aggregate sentence imposed for the trafficking offenses charged under Cause No. 857. Specifically, she argues that her seven-year aggregate sentence is inappropriate in light of the nature of her offenses and her character. Article 7, section 4 of the Indiana

Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014), *cert. denied*, 135 S.Ct. 978 (2015). Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Caton bears the burden on appeal of persuading us that her sentence is inappropriate. *See id.*

[7] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell*, 895 N.E.2d at 1224). Moreover, "[t]he principal role of such review is to attempt to leaven the outliers." *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp*, 9 N.E.3d at 1292. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

[8] In order to assess the appropriateness of a sentence, we first look to the statutory range established for the classification of the relevant offense. Caton was convicted under Cause No. 857 of three counts of Level 5 felony trafficking with an inmate. The sentencing range for a Level 5 felony is one to six years, with an advisory sentence of three years. Caton received below-advisory sentences of two and one-half years on each of the first two trafficking convictions and two years on the third. The trial court ordered the sentences be served consecutively, for an aggregate sentence of seven years.[1]

[9] Because we have not been provided with a copy of the guilty plea hearing, the record contains few details concerning the trafficking offenses. The most we can say from the record before us is that Caton mailed Suboxone to her husband on three separate occasions while he was incarcerated. Thus, the offenses appear to be unremarkable in nature.

---

[1] The parties make mention of a plea agreement purportedly capping Caton's sentence at seven years. The only reference we can find in the record to any such agreement is in the Pre-Sentence Investigation Report, which indicated that Caton "ha[d] been offered a plea agreement . . . which provides for an aggregate sentence of seven years." *Appellant's Confidential Appendix* at 79. We have not, however, been provided with a copy of any such plea agreement, nor have we been provided with a transcript of Caton's guilty plea hearing. Furthermore, at the sentencing hearing in this matter, neither the trial court nor the parties made mention of any such plea agreement. Instead, counsel and the trial court agreed that under Ind. Code § 35-50-1-2(d)(2), the maximum aggregate sentence Caton could receive for the trafficking offenses was seven years. It is far from clear to us that I.C. 35-50-1-2, which places limitations on consecutive sentences for nonviolent crimes arising out of a single episode of criminal conduct, is applicable here. The trial court made no express finding that the trafficking offenses constitute a single episode of criminal conduct, and it appears from the record that they did not. Rather, Caton committed three distinct acts of trafficking with an inmate, all occurring on different dates. *See Slone v. State*, 11 N.E.3d 969, 972 (Ind. Ct. App. 2014) (explaining that "[i]n determining whether multiple offenses constitute an episode of criminal conduct, the focus is on the timing of the offenses and the simultaneous and contemporaneous nature, if any, of the crimes" (quoting *Williams v. State*, 891 N.E.2d 621, 631 (Ind. Ct. App. 2008)).

[10] Caton's character standing alone, however, is more than sufficient to support the sentence imposed. Caton has a very lengthy criminal history and has been shown leniency many times in the past. In 1998, Caton was convicted in three separate jurisdictions of possession of marijuana, theft, and conversion. Her sentences for these offenses were mostly suspended and she was placed on probation. In 2007, Caton entered into a deferred prosecution agreement for class B misdemeanor false informing, and that case was subsequently dismissed. In May 2008, Caton was convicted of class A misdemeanor OWI and class B misdemeanor failure to stop after an accident and she received a suspended one-year sentence. The first petition to revoke Caton's suspended sentence was filed less than three months later, and by December 2008, two more petitions to revoke had been filed. In July 2009, Caton entered an admission to the allegations in the petitions to revoke, and she also pled guilty to two new offenses—class D felony theft and class D felony neglect of a dependent. Sentencing on both the revocation and the new offenses was deferred for two years, contingent upon Caton's participation in Drug Treatment Court. Less than one year later, Caton was charged with Class D felony theft and Class A misdemeanor contributing to the delinquency of a minor. Caton pled guilty to these new offenses, and sentencing was again deferred to allow Caton to continue with Drug Treatment Court. Upon Caton's successful completion of Drug Treatment Court in February 2012, all of the pending charges were dismissed, as was the petition to revoke Caton's suspended sentence.

[11] Approximately one year later, Caton committed check deception as charged in Cause No. 2248. Five months later, she committed the thefts charged in Cause No. 1022. While these charges remained pending, she committed the trafficking offenses charged in Cause No. 857, and within three days of being released on bond for those offenses, she committed the Class A misdemeanor OWI charged under Cause No. 2698 by driving with a blood alcohol content of .25. Caton pled guilty to all of these offenses in October 2015, and despite her lengthy history of reoffending, the trial court again showed her leniency when it deferred sentencing in order to allow Caton to pursue substance abuse treatment. Caton received treatment at Tara Treatment Center and Amethyst House, but shortly after she left treatment, she tested positive for methamphetamine.

[12] Other evidence in the record also reflects poorly on Caton's character. Specifically, Caton admitted to leaving Monroe County after she learned that a warrant had been issued for her arrest. Although she subsequently returned to Monroe County and claimed that she intended to turn herself in, she failed to do so and was apprehended by police approximately a week after the warrant was issued. Caton also admitted that after she left drug treatment, she allowed her seventeen-year-old son, who was "on the run" and using drugs, to stay at her apartment. *Appellant's Confidential Appendix* at 73. She told the officer who prepared her PSI that she had allowed her son and his friends "to use addictive, illegal substances at her home and acknowledged that she witnessed some of these behaviors." *Id.* Additionally, although Caton tested positive for

methamphetamine, she denied using that substance. Instead, she hypothesized that she might have tested positive because she had used her son's one-hitter to smoke Spice, which she believed had traces of methamphetamine because her son was then using and selling that substance.

[13]   Caton's arguments on appeal that she should have been shown greater leniency due to her drug addiction, her poor health, and her desire to maintain her relationship with her children are unpersuasive. With respect to her drug addiction, we note that despite participating in Drug Treatment Court and receiving intensive substance abuse treatment at Tara Treatment Center and Amethyst House, Caton has demonstrated that she is either unable or unwilling to refrain from using drugs when she is not incarcerated. We also note that Caton's declining health is directly related to her substance abuse problems. Specifically, she told the officer preparing her PSI that she suffers from hepatitis C and cirrhosis of the liver caused by her use of addictive substances. Caton has made no argument that the appropriate medical treatment will not be available to her while she is incarcerated, and in light of her history of relapsing while not incarcerated, Caton's health problems actually militate against showing any further leniency. Furthermore, Caton's assertion that her desire to preserve a relationship with her children is a strong motivator for her to stay clean rings hollow in light of her virtually uninterrupted history of criminal activity and substance abuse throughout the majority of her children's lives.

[14]   Finally, we note that Caton argues that she should have been sentenced to a Purposeful Incarceration program to address her substance abuse problems.

The trial court declined to recommend Purposeful Incarceration because he did not want Caton to be "in there with people who are actually trying to get sober." *Transcript* at 36. The trial court's assessment in this regard is well taken. We cannot say that placement in the Department of Correction is inappropriate. In sum, Caton has fallen far short of establishing that her sentence is inappropriate.

[15] Judgment affirmed.

[16] Riley, J. and Crone, J., concur.