## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 08 2019, 8:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Russell W. Brown, Jr.
King, Brown & Murdaugh, LLC
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles Williams,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 8, 2019

Court of Appeals Case No.
18A-CR-2866

Appeal from the LaPorte Superior Court

The Honorable Michael S. Bergerson, Judge

Trial Court Cause No.
46D01-1708-F4-804

**Crone, Judge.**

## Case Summary

Charles Williams pled guilty to level 4 felony dealing in a narcotic drug, level 5 felony reckless homicide, and level 6 felony altering the scene of a death. The trial court imposed consecutive executed sentences totaling seventeen years. Williams contends that the trial court erred in imposing consecutive sentences on the dealing and reckless homicide convictions. We affirm.

## Facts and Procedural History

In August 2017, Williams gave Ashleigh Blatz heroin in exchange for oral sex. Blatz died in Williams's home after ingesting the heroin, which was laced with fentanyl. The next day, Williams dumped Blatz's body on the side of the road.

The State charged Williams with level 4 felony dealing in cocaine, level 4 felony dealing in a narcotic drug, level 5 felony reckless homicide, level 6 felony altering the scene of a death, and being a habitual offender. Pursuant to a plea agreement, the State agreed to dismiss the cocaine and habitual offender charges, and Williams agreed to plead guilty to the remaining charges. Sentencing was left to the trial court's discretion. At sentencing, the court found three mitigators, including Williams's guilty plea and Vietnam War-related post-traumatic stress syndrome, and three aggravators, including Williams's extensive criminal history comprising forty-nine arrests and/or charges and ten felony convictions. The trial court found that the aggravators "far outweigh" the mitigators and imposed executed sentences of ten years for dealing, five years for reckless homicide, and two years for altering the scene of

a death. Appealed Order at 2. The court found "that the sentences of imprisonment shall be served consecutively to each other as each criminal act was independent of the other and cannot be reasonably considered as a single episode of criminal conduct." *Id*. at 3. Williams now appeals.

## Discussion and Decision

[4] Williams contends that the trial court erred in imposing consecutive sentences on the dealing and reckless homicide convictions. "An appellate claim of sentencing error is subject to review for abuse of trial court discretion; reversal results only if there has been a manifest abuse of discretion." *Slone v. State*, 11 N.E.3d 969, 972 (Ind. Ct. App. 2014) (quotation marks omitted). "In general, a trial court cannot order consecutive sentences in the absence of express statutory authority." *Id*. Indiana Code Section 35-50-1-2 authorizes the imposition of consecutive sentences and limits "the total of the consecutive terms of imprisonment to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct[,]" which is defined as "offenses or a connected series of offenses that are closely related in time, place, and circumstance."[1] Williams fails to mention this statute, which the trial court obviously was referring to in its order, and instead embarks on an irrelevant discussion of double jeopardy principles. Consequently, he has waived his

---

[1] "In order to impose consecutive sentences, the trial court must find at least one aggravating circumstance." *Gross v. State*, 22 N.E.3d 863, 870 (Ind. Ct. Ap. 2014), *trans. denied* (2015). Here, the trial court found three aggravating circumstances and further found that they "far outweigh" the mitigating circumstances. Appealed Order at 2.

argument. *See Williams v. State*, 724 N.E.2d 1070, 1083 n.6 (Ind. 2000) (finding argument waived where defendant "provided no cogent argument or citation to relevant authority"), *cert. denied* (2001).

[5] Waiver notwithstanding, Section 35-50-1-2(c) states in pertinent part that, "*except for crimes of violence*, the total of the consecutive terms of imprisonment … to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the period described in subsection (d)." (Emphasis added.) Section 35-50-1-2(d) provides in pertinent part,

> the total of the consecutive terms of imprisonment to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct may not exceed the following: … (3) if the most serious crime for which the defendant is sentenced is a Level 4 felony, the total of the consecutive terms of imprisonment may not exceed fifteen (15) years[.]

We first note that reckless homicide is a "crime of violence" pursuant to Section 35-50-1-2(a)(5) and therefore is exempted from the limitations of Section 35-50-1-2(d). We further note that Williams does not contend that his conviction for altering the scene of a death arose out of an episode of criminal conduct. And finally, we note that the total of the consecutive terms of imprisonment for Williams's dealing and reckless homicide convictions is fifteen years. Thus, even if reckless homicide were not a crime of violence, and even if Williams's dealing and reckless homicide convictions arose out of an episode of criminal conduct, the trial court did not abuse its discretion in imposing consecutive sentences on those convictions totaling fifteen years. Therefore, we affirm.

Affirmed.

Bradford, J., and Tavitas, J., concur.