## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 20 2015, 7:33 am
CLERK
of the supreme court,
court of appeals and
tax court

**ATTORNEY FOR APPELLANT**

Scott L. Barnhart
Keffer Barnhart LLP
Indianapolis, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lamont Payne,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 20, 2015

Court of Appeals Cause No.
82A04-1407-CR-297

Appeal from the Vanderburgh Superior Court; The Honorable Robert Pigman, Judge;
82D02-1401-FA-142

**May, Judge.**

[1] Lamont Payne appeals his conviction of Class A felony dealing in cocaine or a narcotic drug.[1] Payne presents two issues for our review:

[2]  1.  Whether the trial court abused its discretion when it denied Payne's motion to dismiss; and

[3]  2.  Whether the trial court abused its discretion when it admitted enhanced and clarified digital images purporting to represent Payne's tattoos?

[4] We affirm.

## Facts and Procedural History

[5] On August 12, 2013, Evansville Police were using a confidential informant ("CI") to conduct controlled buys of cocaine from Larry Allgood. While listening to the transaction from his car, Detective Chris Goergen realized a third person was involved in the buy. When the third person left the buy location, Detective Goergen drove around the block in an attempt to locate him. Detective Goergen "saw a black male wearing a white tee shirt on a bicycle" in the vicinity of the controlled buy, (Tr. at 10-11), but he did not attempt to apprehend this person as he did not want to jeopardize the case against Allgood. He instead gave a description to other officers.

[6] Officer Paul Jacobs heard the description and, shortly thereafter, located a person matching it. He followed this person, later identified as Payne, and

---

[1] Ind. Code § 35-48-4-1 (2013).

watched him perform what the officer suspected was a hand-to-hand narcotics transaction. Based on that transaction, Officer Jacobs stopped Payne. The officer requested permission to perform a pat down and Payne consented. Officer Jacobs found a baggie of marijuana and a crack pipe. Detective Goergen appeared and identified Payne as the person he had seen near the controlled buy.

[7]    On August 12, 2013, Payne was issued a citation for Class A misdemeanor possession of marijuana[2] and Class A misdemeanor possession of paraphernalia[3] under cause number 82D05-1309-CM-4028 ("4028"). On November 22, 2013, Payne pled guilty to both and was sentenced to time served.

[8]    On January 30, 2014, the State charged Payne with Class A felony dealing in cocaine or a narcotic drug based on his presence at the controlled buy. Payne filed a motion to dismiss based on the statute prohibiting successive prosecution, Ind. Code § 35-41-4-4. The trial court denied his motion. A jury trial ended in a hung jury on April 2, 2014.

[9]    Then, on May 1, 2014, the State requested a hearing to determine the admissibility of enhanced digital images provided by the CI that purported to depict Payne at the controlled buy. The court determined the images were

---

[2] Ind. Code § 35-48-4-11.

[3] Ind. Code § 35-48-4-8.3.

admissible.  Another jury trial commenced on May 12, 2014.  The jury found Payne guilty of Class A felony dealing cocaine.  The court sentenced Payne to forty-four years.

## Discussion and Decision

### 1.  Motion to Dismiss

[10]  "[W]e review a trial court's denial of a motion to dismiss for an abuse of discretion.  An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law."  *Haywood v. State*, 875 N.E.2d 770, 772 (Ind. Ct. App. 2007) (internal citations omitted).

[11]  Ind. Code § 35-34-41-10(c) provides in relevant part:

> A defendant who has been tried for one (1) offense may thereafter move to dismiss an indictment or information for an offense which [sic] could have been joined for trial with the prior offenses under section 9 of this chapter.  The motion to dismiss shall be made prior to the second trial, and shall be granted if the prosecution is barred by reason of the former prosecution.

[12]  A second prosecution is barred by reason of the former prosecution if

> all of the following exist:
>
> (1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.
>
> (2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.
>
> (3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

Ind. Code § 35-41-4-4. The circumstances here satisfy the first two prongs of the test because Payne was prosecuted for possession of marijuana and possession of paraphernalia and that prosecution resulted in his conviction of both counts. Thus, the issue is whether Payne "should have been charged" with the cocaine count in the former prosecution. *See Williams v. State*, 762 N.E.2d 1216, 1219 (Ind. 2002) (analysing whether defendant "should have been charged").

[13] The language "should have been charged" must be read in conjunction with Indiana's joinder statute. *Id.* It provides in relevant part:

> Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:
>
> (1) are of the same or similar character, even if not part of a single scheme or plan; or
>
> (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Ind. Code § 35-34-1-9(a). Thus, where two or more charges are based on the same conduct or on a series of acts constituting parts of a single scheme or plan, "they *should* be joined for trial." *Williams*, 762 N.E.2d at 1219 (quotation omitted). We must determine whether Payne's offenses were part of a "single scheme or plan." *See id.*

[14] In *Williams,* Williams was fleeing officers immediately following controlled buy. Williams knew the officers were attempting to arrest him, and he hid in an empty apartment to evade the police who were chasing him. Williams was first

charged with residential entry and possession of cocaine. After a guilty plea and conviction, Williams was charged with dealing cocaine within 1,000 feet of a school and possession of cocaine within 1,000 feet of a school, based on the controlled buy that led to Williams' entry of the residence while fleeing police. The Court held the subsequent charges were barred by the successive prosecution statute because they "were based on a series of acts so connected that they constituted parts of a single scheme or plan [and] should have been charged in a single prosecution." *Id.* at 1220.

[15] In contrast, Payne's actions during the controlled buy were not connected to his possession of paraphernalia and marijuana. After Payne left the buy location, Officer Jacobs waited until he observed what he thought was a hand-to-hand transaction of drugs before approaching Payne. Payne was unaware police had been following him, and he was not stopped because of his actions during the controlled buy. The charges under "4028" involved possession of illegal drugs in amounts indicative of personal use, but the current charge pertains to dealing illegal drugs. The charges underlying the two causes of action against Payne were not so connected as to be "a single scheme or plan." *See, e.g., Thompson v. State*, 966 N.E.2d 112, 118 (Ind. Ct. App. 2012) (no abuse of discretion when motion to dismiss denied because separate causes were not part of a "single scheme"). Therefore, the trial court did not abuse its discretion when it denied Payne's motion to dismiss.

## 2. Admissibility of Evidence

"[A] trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. We will reverse only where the trial court's decision is clearly against the logic and effect of the facts and circumstances." *Tolliver v. State*, 922 N.E.2d 1272, 1278 (Ind. Ct. App. 2010) (internal citations omitted), *trans. denied.*

Payne asserts the photographs from the controlled buy that the trial court admitted into evidence had been enhanced to such an extent that they were no longer authentic representations of the tattoos on the person who allegedly provided the drugs Allgood sold to the CI. We cannot find reversible error, as substantial independent evidence proved Payne was at the controlled buy and provided the cocaine that was sold to the CI.

Detective Goergen testified the person he located in the area of the controlled buy was the same person identified as Payne during questioning on the street. (Tr. at 141.) Larry Allgood, who set up the buy, testified Payne provided the drugs. (*Id.* at 192.) The CI identified Payne as the person who provided the drugs. (*Id.* at 214.) The accumulation of the evidence presented at trial leads us to believe any error in admitting the photos would have had no likely impact on the jury's decision in this case. *See, e.g., Meadows v. State*, 785 N.E.2d 1112, 1122 (Ind. Ct. App. 2003) (error harmless when substantial, independent evidence supports conviction), *trans. denied.*

# Conclusion

The trial court did not abuse its discretion when it denied Payne's motion to dismiss, and Payne cannot demonstrate prejudice from the trial court's admission of the enhanced photos. Accordingly, we affirm.

Affirmed.

Barnes, J., and Pyle, J., concur.